LOUIS J. GALVIN v. CITY OF ST. PAUL.[1]

JOHN P. WALSH v. SAME.

Aug. 6, 1895.

Nos. 9384-9383—(192-191).

New Trial—Newly-Discovered Evidence.

*Held*, upon a motion for a new trial on the ground of newly-discovered evidence, that by the due exercise of prudence and diligence prior to or at the former trial the existence of such evidence—a public record—would have been disclosed.

Appeals by plaintiff in each case from an order of the district court for Ramsey county, Kelly, J., denying a motion to set aside the judgment against plaintiff and grant a new trial. Affirmed.

*McCafferty & Noyes*, for appellants.

*E. J. Darragh* and *H. W. Phillips*, for respondent.

COLLINS, J.[2] After the determination of a former appeal in these cases, judgments against the defendant being reversed (58 Minn. 475, 59 N. W. 1102), plaintiffs moved for new trials upon the ground of newly-discovered evidence, such evidence consisting of a resolution of the common council of the defendant city, duly approved by the mayor and duly published, fixing the salaries of police officers in the city for the year commencing May 1, 1892.

At the former trial in district court plaintiffs rested their cases, upon proving what compensation per month had been received by them up to the time of their discharge by the mayor, September 6, 1892, and made no effort to show that their salaries had ever been fixed by resolution, as required by the city charter (Sp. Laws 1891, c. 9, § 1). Thereupon counsel for defendant introduced in evidence a resolution fixing the salaries for the year ending May 1, 1892, and it was stipulated by counsel for both parties that no subsequent action had been taken, or resolution fixing salaries adopted, by the common council. That proof of the passage of the resolution whereby the salaries of the policemen in the city of St. Paul were

fixed for the year commencing May 1, 1892, was material in order
to warrant a recovery by plaintiffs was held on the former appeal,
and we may say with safety that it was shown upon the hearing
of this motion that the fact that such a resolution had been passed
by the council was not known by plaintiffs' counsel until after our
former decision.    It was not made to appear upon the hearing of
the motion that plaintiffs themselves were ignorant of the resolu-
tion, and it is fairly to be presumed that they did know of it.    But
not only must the newly-discovered evidence be material to the case,
and also discovered since the trial, but it must be such as the party
could not have discovered before or at such trial, with a due exer-
cise of prudence, diligence, and foresight.    This has again and again
been stated in the opinions of this court.    The resolution in ques-
tion was duly and publicly adopted by the council, published in the
official reports of the council proceedings, duly approved by the
mayor, published in the official paper of the city, and from the time
of its passage was as public as any of defendant's records.    Cer-
tainly, due exercise of prudence and diligence would have disclosed
its existence to plaintiffs or their counsel before or at the trial below.

Orders affirmed.