ETTA G. MACKAY & others *vs.* HALLIBURTON D. BROCK & others.

Middlesex. March 8, 1923. — May 23, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice,* Decree, Dismissal for want of prosecution. *Equity Jurisdiction,* Bill of review. *Review. Notice.*

A petition for a writ of review or petition in the nature of a petition for a writ of review is an original proceeding and not a new step in a pending proceeding.

A writ of review commonly is granted only for matter of law apparent on the face of the record, for newly discovered evidence not reasonably susceptible of having been presented at the trial or for matter occurring since the decree.

The allegations of a petition, filed on December 31, 1921, for leave to file a bill in the nature of a bill of review of a suit in equity which under a general order of court had been dismissed without prejudice for failure to prosecute, were that the original suit was to redeem certain real estate from a mortgage, that it was brought in March, 1906, that, after a demurrer and a plea had been overruled, it was referred to a master, and, upon his resigning to accept a judicial appointment, was referred to another master in 1914. It did not appear from the petition that any further proceedings were had until April, 1921, when, pursuant to a general order for the dismissal of certain cases which had remained on the docket without action for one year preceding January 1, 1921, a final decree was entered, which recited that notice was given relative to the impending dismissal and which dismissed the suit without prejudice. There was an allegation in the petition that the " final decree was entered without notice to the plaintiffs and by accident or mistake," and that the plaintiffs' counsel never received notice of the general order for dismissal, and this allegation was supported by affidavits of the counsel which were in substance that they did not

receive actual notice of the pendency of the case for dismissal or of the entry of the final decree. Upon demurrer to the petition, it was *held,* that no facts appeared warranting the allowance of the petition, and that the demurrer should be sustained.

The recitals in the affidavits of counsel for the petitioners, above described, fell far short of showing that the recitals of the final decree in the original suit were not true.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on December 31, 1921, for leave to file a bill in the nature of a bill of review for the purpose of reviewing and vacating a final decree dismissing under a general order of the court a bill in equity between the petitioners as plaintiffs and the respondents as defendants.

Material allegations of the proposed bill are described in the opinion. The respondents demurred for the causes described in the opinion. The demurrers were heard by *DeCourcy,* J., by whose order an interlocutory decree was entered sustaining the demurrer. By order of *Braley,* J., a final decree afterwards was entered dismissing the petition. The petitioners appealed from both decrees.

The case was submitted on briefs.

*F. H. Nash,* for the petitioners.

*F. J. Carney,* for the executrix of the will of Halliburton D. Brock.

*G. L. Mayberry & L. A. Mayberry,* for the administrators of the estate of Ossian H. Brock.

*S. D. Elmore,* for the respondent Helen F. Leavitt.

RUGG, C.J. This is a petition for leave to file a bill in the nature of a bill of review. A demurrer was filed assigning as grounds (1) want of jurisdiction in the court to entertain the petition and (2) no substantive facts pleaded sufficient in law to warrant allowance of the petition. An interlocutory decree sustaining the demurrer generally, and a final decree dismissing the petition, were entered. The appeal of the plaintiffs brings the case here. The facts alleged must be accepted as true for the purposes of this decision. They are in substance that the plaintiffs brought a suit against the defendants in March, 1906, to redeem certain real estate from a mortgage. After a demurrer and

a plea had been overruled, the case was referred to a master who resigned by reason of appointment to the Superior Court. In 1914 the case was referred to another master. It is not alleged that thereafter any procedings took place in the case until in April, 1921, pursuant to a general order for the dismissal of certain cases which had remained on the docket without action for one year preceeding January 1, 1921, a final decree was entered dismissing the case without prejudice. There is an averment that the " final decree was entered without notice to the plaintiffs and by accident or mistake," and that the plaintiffs' counsel never received notice of the general order for dismissal. No facts set out tended to show that there was accident or mistake in the entry of the final decree. Two affidavits accompany the petition, both by members of the firm of attorneys representing the plaintiffs. One is to the effect that the affiant was the only member of the firm having knowledge of the plaintiffs' case, that no list of causes for dismissal under the general order was brought to his attention and that if he had had notice he would have made a motion to allow the case to remain on the docket. The other affidavit is to the effect that the affiant had general supervision at the time in question of the lists of cases of his firm pending in court, that no copy of the general order of dismissal is in the files of the office and he has no recollection of ever having seen it and is practically sure that no such order with list of cases came to that office. In essence the statements are that the attorneys for the plaintiffs did not receive actual notice of the pendency of the case for dismissal or of the entry of the final decree. The prayer is that the decree of dismissal be reviewed and vacated and the case restored to the equity docket.

A petition for a writ of review or petition in the nature of a petition for a writ of review is an original proceeding and not a new step in a pending proceeding. *Lynn Gas & Electric Co.* v. *Creditors National Clearing House*, 235 Mass. 114.

A writ of review commonly is granted only for matter of law apparent on the face of the record, for newly discovered

evidence not reasonably susceptible of having been presented at the trial or for matter occuring since the decree. *Clapp* v. *Thaxter,* 7 Gray, 384, 386. *Thompson* v. *Goulding,* 5 Allen, 81. Plainly the case at bar does not come within any of these classifications. Without resting this judgment upon any narrow definition of the essentials of a writ of review, the case is considered on broader grounds. *Thompson* v. *Goulding,* 5 Allen, 81. *Crawford* v. *Nies,* 224 Mass. 474, 490. *Martell* v. *Dorey,* 235 Mass. 35, 39. *Magee* v. *Flynn, ante,* 128. In any aspect sufficient facts must be set out to show that justice requires that the decree be reviewed or vacated. No facts of that nature here are alleged. The case had been pending more than six years without any action so far as appears. It would have been necessary to have shown adequate reason for such great delay even if seasonably motion had been made that the original case be retained on the docket. Such motion would not have been granted as matter of course. It must have set forth reasons and facts sufficient to convince the court that further delay was justified. The present record is bare of any reasons or facts to support a finding that the case ought not to have been dismissed. Such great delay in the conduct of litigation in the absence of satisfactory explanation is of itself evidence that the courts ought to be no longer clogged with the records of the case. The affidavits fall far short of showing that the recitals of the final decree in the original suit are not true, namely, that notice was given for the dismissal of the case in accordance with the order of the court. See in this connection *Sylvester* v. *Hubley,* 157 Mass. 306.

Treating this proceeding apart from questions of form and giving the plaintiffs the benefit of the facts set forth on the footing of the requirements of substantial justice, the result is that the petition discloses no facts warranting its allowance. The demurrer on its second ground was sustained rightly.

*Interlocutory and final decrees affirmed.*