MARY A. MANNING *vs.* WOODLAWN CEMETERY CORPORATION.

WOODLAWN CEMETERY CORPORATION *vs.* MARY A. MANNING.

Middlesex.   March 10, 1924. — May 23, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction,* Bill of review, To enjoin continuing trespass, Laches.

The granting of permission to file a bill in equity for review of a suit in equity in which a final decree has been entered rests in the sound discretion of the court.

After an entry in December, 1921, of a final decree in a suit in equity, the defendant appealed.   The appeal was determined by this court and a final decree, after rescript, was entered in July, 1923.   The defendant, on July 25, 1923, filed a petition for leave to bring a bill of review.   The petition was allowed.   *Held,* that the petition was seasonably filed.

A bill in equity for review of a suit in equity in which a final decree has been entered, alleging error of law apparent on the face of the record in the original suit, will not lie after the final decree in the original suit has been affirmed on appeal.

After the court has given leave to file a bill in equity for review of a suit in equity, which is founded on new matter, the defendant may demur with the same effect as if the bill of review had been an original bill for relief.

Laches cannot be a defence to a bill in equity for the enjoining of a continuing trespass or nuisance.

The owner of land on a highway contiguous to property of a cemetery corporation brought a suit against the corporation to enjoin it from causing water to flow upon his land, and, after hearing, a final decree was entered for the plaintiff. Thereafter the defendant was permitted to file a bill for a review of the original suit, to which the original plaintiff demurred, and it was *held,* that

(1) It was not a ground for the maintenance of the bill of review that the landowner refused to sell to the cemetery corporation any of his land or to subject it to an easement for the benefit of the corporation;

(2) Grounds alleged in the bill of review, tending to show the great expense and inconvenience which would be sustained by the cemetery corporation in order not to violate the final decree in the original suit, were as obvious when it answered to the original bill and went to trial on the merits as they were when the bill of review was filed, and the corporation had had a full opportunity to present its case in that regard: such grounds furnished no basis for the maintenance of the bill of review;

(3) Allegations as to riparian rights of other owners along a certain brook did not require the maintenance of the bill of review, since, whatever such rights were, the corporation did not show that any of them were sufficient to justify the flowing on the premises of the plaintiff in the original suit;

· (4) It was no ground for maintaining the bill of review that the corporation had applied for relief to the county commissioners under G. L. c. 252, § 15, and to certain municipalities to provide surface drainage so that it might be relieved, and that such relief had been denied "because of the complex and difficult engineering and legal issues involved."

A bill of review of a suit in equity, brought by an unsuccessful defendant, ought not to be entertained unless it affirmatively appears that he had a good defence on the merits, of which he had been deprived, or that some fraud or wrong had been practiced upon him.

Resolve 29 of 1923, read in connection with St. 1923, c. 494, § 2, did not relieve the defendant in *Manning* v. *Woodlawn Cemetery Corporation,* 245 Mass. 250, from observance of the final decree entered in accordance with that decision.

BILL IN EQUITY, filed in the Superior Court on September 24, 1921, seeking to have the defendant enjoined from allowing or causing the surface or other water from its cemetery or other land to flow in, on or over land of the plaintiff, and for damages. This suit previously was before this court and is reported, *Manning* v. *Woodlawn Cemetery Corporation,* 245 Mass. 250. Also, a

BILL IN EQUITY, filed by leave in the Superior Court on July 25, 1923, by the defendant in the suit above described for a review of that suit.

The defendant in the second bill demurred on the following grounds:

" 1. That the allegations contained in said bill have already been adjudicated between the same parties on the same issues before the Superior Court and the Supreme Judicial Court.

" 2. That the bill cannot be maintained where in the case sought to be reopened a final decree has been entered by the Superior Court, where the Court itself prescribed the form of final decree which should be entered and such decree was affirmed by the Supreme Judicial Court, to the order for such entry no appeal lies.

" 3. That the petitioner has been guilty of laches.

" 4. That the bill is multifarious in that it embraces several and distinct alleged causes which ought not to be joined together in one bill.

" 5. That the petitioner is not entitled to equitable relief in the bill on the principle that ' he who seeks equity must do equity' and that the petitioner does not come into Court with ' clean hands.'

" 6. That the bill is bad in form and substance in that the allegations contained therein are immaterial and irrelevant.

" 7. That the matters set out in said bill are not subject to a bill of review."

Orders and decrees in the first suit are described in the opinion. The demurrer in the second suit was overruled by *McLaughlin,* J., who reserved and reported the proceedings therein for determination by this court.

*D. F. Carpenter,* for Woodlawn Cemetery Corporation.

*W. J. Barry,* for Manning.

BRALEY, J.   The plaintiff in the first case, after recovering judgment in an action at law for damages caused by the wrongful discharge of accumulated surface water upon her land by the defendant, *Manning* v. *Woodlawn Cemetery Corp.* 239 Mass. 5, brought suit in equity to enjoin the defendant from continuing the nuisance. The trial court

granted the relief prayed, and the defendant appealed to this court which affirmed the decree. *Manning* v. *Woodlawn Cemetery Corp.* 245 Mass. 250. But before entry of decree after rescript, the defendant petitioned for a stay of proceedings, and also moved for leave to file supplemental, and amendatory answers. The petition and motion were denied, and the defendant appealed. A final decree thereupon was entered pursuant to the rescript, from which the defendant also appealed. It then appealed from an order dismissing the several appeals.

But, these appeals having been expressly waived, we come to the second case, which is a bill of review to vacate the final decree in the first case. It is not brought to correct errors of law apparent on the record, but goes upon the ground, that new facts have been discovered, or a new situation has developed affecting the rights of the parties which were not available in defence when the case was tried, and the decree entered. *Clapp* v. *Thaxter,* 7 Gray, 384, 386. Permission to file the bill, which was given, rested in the sound discretion of the trial court, and although subject to revision by this court, it does not appear to have been unjustifiably exercised. *Elliott* v. *Balcom,* 11 Gray, 286. *Mulrey* v. *Carberry,* 204 Mass. 378. Dan. Ch. Pl. & Pr. (6th Am. ed.) § 1577.

The Woodlawn Cemetery Corporation, the plaintiff in the bill for review, will hereinafter be referred to as the plaintiff, and Mary A. Manning will be referred to as the defendant.

The defendant contends that the bill was not seasonably filed, because G. L. c. 250, § 22, provides, that a writ of review of a judgment entered upon default in a civil action shall be filed within one year after the petitioner first had notice of the judgment, otherwise within one year after the judgment was rendered, and, the bill of review not having been filed until July 2, 1923, more than a year had elapsed since December 23, 1921, the date of the entry of the final decree from which the defendant appealed. But it is unnecessary to decide whether in the case at bar the limitation should be applied by analogy. See *Evans* v. *Bacon*, 99

Mass. 213, 215. The appeal having vacated the decree originally entered, the decree after rescript of July 2, 1923, was the final decree, and the petition with the accompanying bill was seasonably filed.

The general grounds for review, because of error of law in denying the petition for stay of proceedings, and the motion for leave to file a supplemental answer, are disposed of by the waiver of the appeals to which we have referred. It is also settled that a bill of review for error of law apparent on the face of the record will not lie after the final decree has been affirmed on appeal. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157, 162.

The special allegations are newly discovered matters, and proposed legislation relating to the drainage of the waters which accumulate and remain on the lands of the parties and other lands in the vicinity, which were not set up or considered at the trial of the suit, but are specially referred to in the present bill. The defendant's farm and the plaintiff's cemetery are in the city of Everett, separated by Fuller Street, a public way. The land from a high point in the cemetery slopes from south to north across Fuller Street and the defendant's farm, and recedes to a low point at a brook or ditch in Malden, running easterly a few rods north of the farm. The brook is a part of the Malden surface drainage system, and is the outlet of a marsh of about one thousand acres about a mile in length lying between the farm on the south and Holy Cross Cemetery on the north. It frequently overflows if there are freshets " or excessive tides." The marsh or swamp " is a health nuisance and the land in and about the swamp is unfavorably affected in value by the presence of stagnant water." The lowest part of Fuller Street and of the land of the cemetery is at a point between the cemetery and the farm. The summit of Fuller Street toward Washington Avenue, as shown by the plan in the record, is nineteen feet above this point at a distance of twelve hundred and thirty-two feet to the east, and the summit toward Lynn Street is twenty-five feet above this point at the distance of sixteen hundred and eighteen feet to the west. The city of Everett at this point has built a

common ditch or culvert replacing an ancient culvert, at the northerly end of which the cemetery owns a triangle of land jutting into the farm, and prior to the litigation it had done some grading on this slope above the farm. It constructed paths with a system of drains and catch basins for the disposal of surface water, which waters were discharged through the culvert on to the triangle, and passed from thence to the farm, flowing eventually into the brook or ditch. It is alleged that the defendant, the plaintiff in the action of tort, recovered and was paid damages for five acres of her land thus flowed, as if it had been destroyed, and that no greater flowage has since existed.

The defendant demurred to the bill, and, the demurrer having been overruled, the question, whether the ruling was right and the bill can be maintained, is before us on the report of the judge. While a bill of review grounded on new matter can only be filed by leave of court, and the relevancy of the matters relied on is ordinarily well considered before leave is given, yet the defendant may demur, with the same effect as if the bill of review had been an original bill for relief. *Cooke* v. *Bamfield*, 3 Swanst. 607. *Griggs* v. *Gear*, 3 Gilman, 2. The demurrer admits all the material allegations. We consider them in the order presented by the pleadings.

The allegations in paragraphs five and six and the first sentence of paragraph seven in substance are recitals of the issues raised in the action of tort, and the extent and measure of damages therein recovered, with a reference to the bringing of the suit in equity. The second sentence of paragraph seven is that laches was not set up in the answer of the corporation owing to ignorance of some or all the facts, and was only discovered since the decree after rescript, and that the plaintiff should have the advantage of the defence. The title of the defendant however has not been divested, and she has the right to enjoy and use her property unmolested by the tortious acts of the plaintiff. It is not pointed out how laches can be a defence to a continuing trespass or nuisance as determined by the decree which was affirmed by this court.

Paragraph eight alleges, that the plaintiff in good faith

has sought to buy from the defendant the portion of her land affected by the discharge of water from the plaintiff's premises, or to purchase sufficient land for the construction of a drain. But the defendant has declined to sell, and has refused to grant any easement of drain except for a term of years, and then only on condition that the drain should be covered and that the plaintiff should pay $500 annually for the privilege. The ninth and eleventh paragraphs are complementary to the eighth paragraph. It is alleged that the system of catch basins and drains on the plaintiff's land is elaborate and extremely costly, and any change to divert the water from the cemetery " except through the said culvert " is impracticable, and would burden the plaintiff " out of all proportion " to the almost negligible damage to the defendant if an easement of a covered drain could be obtained from her. If the plaintiff discharges water elsewhere than over the defendant's land, " it must destroy land not already destroyed and paid for, and subject itself to a multiplicity of further suits. . . . The only other alternative is to close up its drains and let the surface water sink into the graves. It is not clear that so doing would protect " the plaintiff " from further attack by the defendant." The defendant however was under no legal obligation to sell any portion of her land to the plaintiff, or subject it to an easement for its benefit. Nor can she be justly compelled to accept damages for the persistent invasion of her rights because of the necessities of the plaintiff. The statements in the bill with the accompanying exhibits are sufficient to show that in the development of the cemetery the natural conditions and the consequences arising from the discharge of water from its own land on to the land of the defendant of which it now urgently complains were as obvious as when it answered the original bill and went to trial on the merits. The plaintiff had a full opportunity to present its case. The topography does not appear to have been materially changed or the waters to have subsided, and the defendant who has twice prevailed ought not to be subjected to further litigation to enforce her rights because the plaintiff is of opinion that it can strengthen its lines of defence for damages only if a

new trial is granted. *Noyes* v. *Noyes,* 234 Mass. 397. *Ross* v. *Burrage,* 237 Mass. 545, 550.

The tenth paragraph, after reference to the natural conformation of the land whereby the water as previously stated must eventually reach the brook or ditch, asserts that the equities of the situation as regards the plaintiff are supported by the riparian rights of owners along the brook as well as the rights of other owners of land between the cemetery and the brook, and the rights of the city of Malden in and to the brook as a part of its system of drainage of surface water. The municipality and persons thus described are not, and never have been parties to the litigation covered by the action of tort or by the bill. Whatever rights they respectively may have, or wherever their lands may lie as stated in the opening sentence of paragraph twelve, the plaintiff does not show that any of such rights is sufficient to justify its flooding of the defendant's premises. It is not material as set out in the closing portion of paragraph twelve, that the plaintiff has applied for relief to the county commissioners under G. L. c. 252, § 15, and to certain municipalities to provide surface drainage so that it may be relieved, and that " such relief has been refused . . . because of the complex and difficult engineering and legal issues involved." The natural difficulties and limitations attendant upon the location and maintenance of the cemetery are not chargeable to the defendant, and the failure of the plaintiff to obtain relief in the manner alleged is no reason for placing a burden upon her which the law does not impose.

A bill of review, by an unsuccessful defendant, ought not to be entertained, unless it affirmatively appears, that he had a good defence on the merits, of which he has been deprived, or that some fraud or wrong has been practised upon him. *White* v. *Crow,* 110 U. S. 183. It must be indispensable to the justice and merits of the case. *Elliott* v. *Balcom,* 11 Gray, 286. *Priestley's Appeal,* 127 Penn. St. 420. *Purcell* v. *Miner,* 4 Wall. 519. The plaintiff has failed to show any material new evidence which it might not have produced before, and which, if produced, would have justified a decree in its favor. The judgment in the action of tort

established the defendant's right to redress against the plaintiff and for damages, and she was therefore entitled to injunctive relief to restrain the cemetery corporation from continuing to trespass upon her premises. *Foye* v. *Patch,* 132 Mass. 105. *Boston & Maine Railroad* v. *Sullivan,* 177 Mass. 230. *O'Brien* v. *Murphy,* 189 Mass. 353.

The final reason for review, is, that by the passage of c. 39 of the Resolves of 1923, read in connection with St. 1923, c. 494, § 2, as shown by the exhibit annexed to the bill, which legislation is alleged to have been initiated by the plaintiff before the rescript was sent, it is relieved from the decree under the decision in *Sawyer* v. *Davis,* 136 Mass. 239, where, after the entry of a final decree by this court granting injunctive relief against the maintenance of a nuisance, it was held, that the defendants could maintain a bill to have the injunction modified under St. 1883, c. 84, enacted subsequent to the decree, which permitted them upon compliance with certain conditions required by the statute to continue the practice of ringing a factory bell which had been enjoined. But the resolve provided only for an investigation by the metropolitan district commission of certain surface drainage problems in the cities of Everett, Revere and Malden, and that a sum not exceeding $1,500 as may hereafter be appropriated therefor shall be repaid to the Commonwealth, one third by the city of Everett, one third by the city of Revere, and one third by the Woodlawn Cemetery. The amounts payable by the respective cities were to be included by the State treasurer in the State tax for that year, and the cemetery was authorized to enter into an agreement with the Commonwealth through the commission for the payment of its proportionate part of the cost, and the commission was not to begin the investigation until an agreement satisfactory to it had been made. By St. 1923, c. 494, § 2, item 35 e, $1,500 was appropriated, and, the plaintiff also having complied with the provisions of the resolve, the work of investigation has been begun and is now in progress. Whatever has been done to obtain relief falls far short of a statute having the effect given to the statute under consideration in *Sawyer* v. *Davis, supra.* The question, whether a statute

permitting the plaintiff to discharge the waters on its premises as described in the record on to the defendant's land, even if compensation were paid, would be constitutional, is not before us.

We are accordingly of opinion, that the orders and decrees in the first case should be affirmed, but, in the second case, while the order allowing the bill of review is to stand, the order overruling the demurrer is reversed, and a decree is to be entered dismissing the bill. G. L. c. 231, § 125.

*So ordered.*