NATIONAL FIREPROOFING COMPANY, INCORPORATED, *vs.*
PATRICK J. KELLEY & others.

Suffolk.    January 22, 1925. — September 19, 1925.

Present: RUGG, C.J., BRALEY, CARROLL, & WAIT, JJ.

*Review. Equity Jurisdiction*, Bill of review.

It is no ground for the maintenance of a bill of review of a suit in equity wherein the plaintiffs had been granted a final decree enjoining the defendant, a foreign corporation with a place of business in this Commonwealth where it owned and operated a factory and clay pit, from discharging water on the respective plaintiffs' premises, and for damages caused by the flooding of their cellars, that, after the entry of the decree, the defendant, petitioner for review, for the first time learned of the existence of certain municipal by-laws and building requirements, adopted under governing statutes, and that some of the plaintiffs in violation of such by-laws and building requirements had constructed their cellars below proper cellar grades, which conduct on their part had contributed to the damages which they claimed to have suffered by reason of the flooding by the defendant, petitioner for review, such facts not constituting newly discovered evidence.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on December 15, 1924, for leave to file a bill of review of a suit brought by the respondents herein against the petitioner herein, where a final decree for the plaintiffs had been entered.

The respondents demurred upon the ground, among others, that the petitioner did not state a cause which entitled him to the relief prayed for. The demurrer was heard by *Crosby*, J., who ordered a decree to be entered overruling the demurrer and permitting the bill of review to be filed, and, being of the opinion that his ruling so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, reported the case upon the petition, affidavit and demurrer for such determination.

*F. W. Mansfield*, for the respondents.
*S. R. Wrightington*, for the petitioner.

BRALEY, J.   The defendants April 8, 1918, brought in this court a bill in equity to enjoin the plaintiff company from discharging water on their respective premises, and for damages caused by the flooding of their cellars. A final decree having been entered April 7, 1920, granting injunctive relief and awarding damages and costs, the execution for which has been returned fully satisfied, the company on December 15, 1924, filed the present petition for leave to bring a bill of review to vacate the decree on the ground of newly discovered evidence. *Elliott* v. *Balcom*, 11 Gray, 286, 292. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 285.

The material allegations of fact in the petition, which includes the exhibits, are admitted by the demurrer. The town of Revere, where the plaintiff, a foreign corporation, owned and operated a factory and a clay pit, voted to accept St. 1892, c. 126, and acting thereunder adopted building by-laws providing, among other requirements, that no cellar or basement floor should be established below the grade of fourteen feet above mean low water. The town became a city under St. 1914, c. 687, and the city council, having voted to accept Spec. St. 1917, c. 358, adopted a new building law containing the same provision as to the grade of cellars, and also requiring that before any building, structure or foundation shall be constructed, altered or enlarged, a permit in writing must be obtained from the inspector of buildings, and the work must be done in accordance with drawings and specifications approved by him, which are in conformity with other sections of the building law. It is alleged that, because the company had no knowledge of the votes, by-laws and new building law during the proceedings in the suit, or that "some of the plaintiffs . . . had constructed their houses with cellars below going cellar grades," it was unable to make the defence that the defendants had constructed and occupied their dwellings in violation of the by-laws and new building law, which negligence contributed to the damages they claimed to have suffered by the flooding. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. But neither the company's ignorance of the governing statutes,

nor its failure to discover the votes of the town and city council, nor the by-laws and the new building law, which were of public record for some time prior to the filing of the bill, constitutes newly discovered evidence. *Morgan* v. *Houston,* 25 Vt. 570. *Walsh* v. *St. Paul,* 62 Minn. 145. The original bill alleged, and the answer admitted, that the company was an inhabitant of Revere. And the building laws having been authorized by statute, and no violation of the constitution of the Commonwealth appearing, their provisions upon enactment had the force of law. *Vandine, petitioner,* 6 Pick. 187. *Gilmore* v. *Holt,* 4 Pick. 258, 264. *Heland* v. *Lowell,* 3 Allen, 407, 408. *Tuttle* v. *Lawrence,* 119 Mass. 276, 278. *Commonwealth* v. *Plaisted,* 148 Mass. 375, 382. *Mulvey* v. *Boston,* 197 Mass. 178, G. L. c. 40, § 21. See G. L. c. 143.

The defendants therefore must prevail on the first ground of the demurrer, that the petition does not state a case for relief, and in accordance with the report of the single justice, the order overruling the demurrer is reversed, and a decree is to be entered sustaining the demurrer, and dismissing the petition with costs.

*Ordered accordingly.*