ALICE STUART *vs.* PETER T. ROCHE.

Norfolk.    March 15, 1928.— May 29, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Petition for review.

Whether leave should be granted to file a bill of review of a suit in equity after final decree was within the discretion of the judge who heard the petition; and no error was shown by the dismissal of such a petition which set forth the bill, answer, and final decree in the original suit without a report of the evidence or facts found by the judge, and which in substance alleged error by the judge in finding the material facts upon which the decree was based.

PETITION, filed in the Superior Court on October 17, 1927, for leave to file a bill of review of a suit in equity in which the petitioner was the plaintiff.

The bill in the original suit was filed on September 10, 1927, and the suit was heard by *Lummus*, J.   No report of the evidence or findings of fact by the judge was made.   The bill, answer, and a final decree for the defendant, upon which the petitioner based the petition, are described in the opinion. The petition was dismissed by order of *Lummus*, J., and the petitioner appealed.

The case was submitted on briefs.

*F. D. McCarthy*, for the petitioner.

*J. W. Healey, R. R. Harris, & C. D. Bent*, for the respondent.

BRALEY, J.   It appears from the allegations of the original bill that the plaintiff in the original suit was the owner of a horse known as "Nicholas J. Hayes," and that the defendant, who was engaged in the business of buying and selling horses, owned a horse known as "The Whippet."   The parties on August 29, 1927, made an even exchange of the horses under which the plaintiff acquired possession and title to the horse "Whippet," and the defendant acquired title and took possession of the horse "Nicholas J. Hayes."   The defendant in the original suit on September 3, 1927, returned the horse

he had received and demanded of the plaintiff a return of the horse "Whippet." It is then therein alleged "that the petitioner [plaintiff] intends to exhibit said Whippet in various horse shows throughout the Commonwealth and that the respondent [defendant] has threatened the petitioner that he will prevent her from exhibiting the 'Whippet' or any other horses owned by the petitioner through legal proceedings or otherwise." The prayers are for an injunction restraining the defendant from interfering with the plaintiff's possession; and that he be decreed to recognize her title which she asks to have established. The defendant's answer alleged that he had been induced by the plaintiff's fraud to make the exchange, and asked for affirmative relief as provided in Equity Rule 6 (1926). The trial on the merits resulted in a final decree for the defendant filed October 7, 1927. It read as follows:

"1. That the defendant was induced to exchange a horse known as The Whippet, which was owned by him, for a horse known as Nicholas J. Hayes, owned by the plaintiff, upon the warranty of the plaintiff that the horse known as Nicholas J. Hayes was a sound horse.

2. That the horse known as Nicholas J. Hayes was not a sound horse, and that the defendant had, and still has, a right to rescind the exchange and repossess himself of the horse known as the Whippet and has elected such right of rescission.

3. That the defendant having restored the horse known as Nicholas J. Hayes to the plaintiff, the plaintiff has no title or ownership in the horse known as the Whippet but is legally bound to restore said horse known as The Whippet to the defendant in order to complete such rescission.

4. That the plaintiff be, and hereby is, ordered and commanded within thirty days after the entry of final decree to deliver said horse known as The Whippet to the defendant to the end that such rescission may be accomplished.

5. That the defendant recover against the plaintiff costs in the sum of fifty-seven dollars and that execution issue therefor."

The plaintiff on October 10, 1927, appealed from the decree and on October 17, 1927, brought the present petition for leave to file a bill of review. It was dismissed October 31, 1927, upon the ground that after hearing the parties the petition was without merit, and that the petition was improperly filed; and the petitioner appealed to this court. The petition in substance asks for a review because as matter of law the court erred in finding the material facts on which the final decree was based. It is plain that the bill for review asked for was merely an attempt to retry the case on the evidence heard in the original suit.

It does not appear that substantial justice had not been done, and that if a review were granted there would be any material change in the result. It was discretionary with the trial judge whether leave should be given to file a bill of review and his decision on the record should not be reversed. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281. *Craig* v. *Smith,* 100 U. S. 226.

*Decree affirmed with costs.*