ROSE A. COUNELIS *vs.* CHARLES ANDRESON & another.

Plymouth.    January 5, 1938. — February 2, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Equity Jurisdiction,* Bill of review.

Denial, after a hearing, of a petition for leave to file a bill of review of final decrees in equity on the ground of newly discovered evidence was affirmed on an appeal record which did not disclose what took place at the hearing.

PETITION, filed in the Superior Court on August 10, 1937, for leave to file a bill of review.

The petition was denied after hearing by *Gibbs,* J. The petitioner appealed.

*H. J. Booras,* (*J. A. Edgerly* with him,) for the petitioner.
*G. L. Wainwright,* for the respondents.

Cox, J. This is a petition subscribed and sworn to on August 5, 1937, for leave to file a bill to review two final decrees entered in the Superior Court, one on February 11, 1936, and the other on May 24, 1937. By the terms of the first decree the petitioner was ordered to turn over to the respondent Andreson, as trustee, certain shares of stock which he alleged had been transferred to him by the petitioner's husband in trust for the husband's nephews. The decree also ordered the petitioner to pay a certain sum of money to Andreson. The second decree was based upon a bill brought by Andreson against the petitioner to reach and apply certain shares of stock in payment of the sum decreed in the first bill. Affidavits are attached to this petition. The petitioner alleges that she seeks review not on matters of law but on "material facts and material evidence which she has recently discovered from witnesses, and of which she had no information during the trial of her case hereinabove mentioned, and of which she made discovery within approximately one month previous to the bringing of this present petition." After hearing, the

judge of the Superior Court denied the petition and the petitioner appealed, claiming to be aggrieved by the order of the court in denying her petition "for leave to file bill of review."

A bill of review commonly is granted only for error of law apparent on the face of the record, for newly discovered evidence not reasonably susceptible of having been presented at the trial and coming to light after the decree, or for matter arising since the decree. *Clapp* v. *Thaxter*, 7 Gray, 384, 386. *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 288. See *Mackay* v. *Brock*, 245 Mass. 131, 133.

While a bill of review for error of law appearing on the face of the record may be filed without leave of court, *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157, yet leave to file the bill of review embodied in the petition now before us rested in the sound judicial discretion of the trial judge. Although his decision is subject to revision by this court on appeal, yet we do not think it should be reversed. The record does not disclose what took place at the hearing before the judge. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 286. *Elliott* v. *Balcom*, 11 Gray, 286. *Mulrey* v. *Carberry*, 204 Mass. 378. *Stuart* v. *Roche*, 264 Mass. 63.

*Order denying petition affirmed.*