E. LOUISE THEBERGE, administratrix, *vs.* MAUDE SNOW HOWE, administratrix, & others.

Essex.   April 9, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Probate Court*, Jurisdiction, Vacation of decree.

Upon a petition for revocation of a decree of a Probate Court erroneously ordering distribution of part of an estate per stirpes instead of per capita as the facts alleged in the petition for distribution required as a matter of law, a finding, that the judge had not intended to enter such decree when he signed a blank form of decree to be filled out in

accordance with the petition, was not supported by the record and was disregarded by this court.

A Probate Court has jurisdiction to revoke a decree ordering distribution of part of an estate among nieces and nephews per stirpes when the facts alleged in the petition for distribution required distribution per capita as a matter of law.

PETITION, filed in the Probate Court for the county of Essex on July 10, 1942, seeking that "the decree of distribution entered . . . on December 10, 1929, be vacated, that a new warrant issue, and that redistribution of said estate be ordered."

The case was heard by *Phelan,* J., and a decree was entered that the decree of December 10, 1929, "and the warrant issued thereon be and they hereby are revoked."

Certain respondents appealed.

*G. R. Farnum,* (*O. Tudor* with him,) for the respondent Maude Snow Howe, administratrix, and others.

*H. D. Linscott,* for the petitioner.

RONAN, J.    E. Louise Howe, now E. Louise Theberge, the administratrix of the estate of her husband, Charles E. Howe, filed a petition for distribution in which it was alleged that the persons named were entitled to receive the proportionate parts of the estate mentioned therein, and a decree for distribution in accordance with the allegations of the petition was entered in the Probate Court for Essex County on December 10, 1929.   By that decree one half of the estate was ordered distributed to the widow, and the remaining one half, instead of being distributed equally among seven nieces and nephews, was ordered divided one sixteenth to each of six named nieces and nephews and one eighth to Charles T. A. Howe, a nephew.   Distribution was made to all persons named in the decree except to Charles T. A. Howe, whose residence was unknown to the administratrix.    It now appears that he died in Texas in 1940. No part of his share was paid to him.   His administratrix and his daughter are respondents in the present petition, brought by the administratrix of the estate of Charles E. Howe to revoke the decree of December 10, 1929, and they have appealed from the final decree revoking that decree.

The case was heard in the Probate Court upon the statements of counsel and documentary evidence, which consisted principally of the probate records in the estate of Charles E. Howe. The petition for distribution was lost, but the parties agreed that its allegations conformed to the provisions of the decree, which ordered the distribution per stirpes among the nephews and nieces. The judge filed a report of material facts which included a finding that the petition was made out on the blank form prescribed for such petitions and contained a prayer for distribution "among such persons as may be proved to be entitled thereto, according to law"; that it was the practice for the judge to sign decrees in blank, with the understanding that they would be filled out according to the prayer of the petition; and that upon the evidence and the inferences to be drawn therefrom and in view of the practice of the court, the decree for distribution did not represent the actual decision made by the judge.

The nephews and nieces were entitled to share equally in the estate, G. L. (Ter. Ed.) c. 190, § 3 (5); *Snow* v. *Snow*, 111 Mass. 389; *Balch* v. *Stone*, 149 Mass. 39, and the decree, which gave one of the nephews twice as much as each of the other nephews and nieces, was erroneous as matter of law. The error, in view of the allegations of the petition and the recitals in the decree, was apparent on the face of the record. Doubtless, the judge would not have entered the decree if he had realized that he was not ordering a distribution to be made per capita among the nephews and nieces. He was probably misled by the allegations in the petition seeking a distribution per stirpes. There is nothing in the record to support the finding that the judge did not intend to enter the decree that was in fact entered. It is apparent he ordered distribution in the manner requested. That finding accordingly must be disregarded. *Yankee Network, Inc.* v. *Gibbs*, 295 Mass. 56. *Hinckley* v. *Barnstable*, 311 Mass. 600.

The question presented is whether the Probate Court had jurisdiction to revoke a decree for distribution which, although it showed a relationship among the beneficiaries

that required an equal division among them, ordered that one of them should be given twice as much as each of the others.

A Probate Court has the power to correct manifest mistakes appearing upon the face of its records that could be corrected in a court of equity by a bill of review. *Stetson* v. *Bass*, 9 Pick. 26. *Waters* v. *Stickney*, 12 Allen, 1. *Goss* v. *Donnell*, 263 Mass. 521, 524. *Greene* v. *Springfield Safe Deposit & Trust Co.* 295 Mass. 148, 153, 154. *Parsekian* v. *Oynoian*, 299 Mass. 543, 546. *Lewis* v. *National Shawmut Bank*, 303 Mass. 187. *Kennedy* v. *Simmons*, 308 Mass. 431.

It was said in *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, at page 397, that "A bill of review commonly is granted only (1) for error of law apparent on the record, (2) new evidence not susceptible of use at the trial and coming to light after the decree, and (3) new matter arising after the entry of the decree." These essentials for the granting of a bill of review have been generally recognized and frequently applied. *Elliott* v. *Balcom*, 11 Gray, 286. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157. *Mulrey* v. *Carberry*, 204 Mass. 378. *Mackay* v. *Brock*, 245 Mass. 131. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281. *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421. *Counelis* v. *Andreson*, 299 Mass. 382. *Nelson* v. *Bailey*, 303 Mass. 522. *Boston* v. *Santosuosso*, 308 Mass. 189.

If an error of law similar to one appearing in this probate decree were contained in a decree in equity, a bill of review could be filed as of right and, upon a proper showing, the judge, in the exercise of sound judicial discretion, could reverse the decree. *Elliott* v. *Balcom*, 11 Gray, 286. *Mulrey* v. *Carberry*, 204 Mass. 378. Here there is no dispute that the decree erroneously awards double the proper amount to one of the beneficiaries. It would be a reproach to justice if such a manifest error in law could not be corrected by the Probate Court. We think that court had jurisdiction to revoke the decree for distribution, and that the instant case comes within the principle of *Stetson* v. *Bass*, 9 Pick. 27, *Waters* v. *Stickney*, 12 Allen, 1, *Brown* v. *Baron*,

162 Mass. 56, *Jordan* v. *Turnbull,* 242 Mass. 317, *Dolan* v. *Roy,* 286 Mass. 519, *Parsekian* v. *Oynoian,* 299 Mass. 543. Compare *Waitt* v. *Harvey,* 312 Mass. 384.

This decision is not in conflict with anything said in *Untersee* v. *Untersee,* 299 Mass. 425, where, among other differences from the present case, the judge did not exercise his discretion in favor of granting the petition to revoke.

*Decree affirmed.*