MARGARET T. TWOMEY *vs.* LOUISE M. ROY & others. November 2, 1946. The orders and decrees appealed from are affirmed, including the final decree, which is affirmed with costs of the appeal. This bill rests upon alleged fraudulent misrepresentations of the defendants as to the condition of an elevator on premises sold by one of the defendants to the plaintiff. A master has made a detailed report reaching the conclusion that there was neither misrepresentation nor concealment by any of the defendants. The master was not ordered to report the evidence and very properly has not done so. *Smith* v. *Lloyd,* 224 Mass. 173, 174. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 406. None of the evidence could be reported under Rule 90 of the Superior Court (1932) because, among other reasons, no written request therefor was presented to the master with the objections to his report. The evidence, therefore, could not be made part of the printed record, as the plaintiff insisted it should be. Recommittal to the master for further detail in the findings was discretionary with the judge. *Epstein* v. *Epstein,* 287 Mass. 248, 254. *Buckley* v. *John,* 314 Mass. 719, 725. No necessity for it appears. Exceptions to the master's report based upon alleged inconsistencies in the findings cannot prevail. There is no inconsistency. The subsidiary findings support the conclusions. An exception based upon failure to make a finding was rightly overruled. *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 483. It follows that there was no error in refusing to recommit the case or in overruling the exceptions to the master's report, which thereupon became binding upon the judge and required the final decree dismissing the bill. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 435. *Norton* v. *Chioda,* 317 Mass. 446, 450. *De Angelis* v. *Palladino,* 318 Mass. 251, 256. Various motions made by the plaintiff after the final decree should in strictness have been dismissed rather than denied, since the court had no jurisdiction to entertain them. *White* v. *Gove,* 183 Mass. 333, 340. *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 306 Mass. 362, 365. *Amory* v. *Assessors of Boston,* 309 Mass. 162, 163. The result, however, is the same.

*M. T. Twomey, pro se.*

*W. J. Griffin,* for the defendants.

MARGARET T. TWOMEY *vs.* LOUISE M. ROY & others. November 2, 1946. Decree affirmed with costs of the appeal. This is an appeal from a decree of the Superior Court denying the petitioner leave to file a bill to review the final decree against the petitioner in a suit in equity. See *Twomey* v. *Roy, ante,* 759. The only ground for review set forth in the amended petition is in substance that upon the resumption of the hearing in the original cause before the master on December 4, 1944, the "selected and approved" stenographer who had taken the evidence on six previous days was unable to be present; that the petitioner could not secure a substitute; that, relying upon the assurance of her counsel that notes would be taken of the evidence so that it could be presented to the Supreme Judicial Court, she went on with the hearings on December 4 and 5; and that now she cannot get a full report of the evidence for use on appeal to this court from the final decree. It is plain that the petitioner does not allege error of law upon the face of the record, nor does she allege any of the grounds upon which review is commonly allowed. *Boston & Maine Railroad* v. *Greenfield,* 253 Mass. 391, 397. *Hyde Park Savings Bank* v. *Davankoskas,* 298 Mass. 421, 423. *Theberge* v. *Howe,* 314 Mass. 22, 25. Relevancy of the matters relied upon is carefully considered before leave to file is granted. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 286. *Boston* v. *Santosuosso,* 308 Mass. 189, 200. There is nothing to show that the court had ordered the master to report the evidence. Such an order is not common. It does not appear that any substantial question of law arose before the master in connection with which the petitioner needed the evidence taken on December 4 and 5 to support in accordance with Rule 90 of the Superior

Court (1932) any objection taken to the master's report. It therefore does not appear that in fact the outcome of the case was affected in any way by the absence of a stenographic report of the evidence taken on those days. See *Mackay* v. *Brock*, 245 Mass. 131, 134; *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 288. But it does appear that the petitioner went on with the hearing without the stenographer, and there is no showing that she made any objection or any effort to have the situation corrected in the trial court, which could have dealt with it as justice required. *Nelson* v. *Bailey*, 303 Mass. 522, 525. *Peterson* v. *Hopson*, 306 Mass. 597, 601–602. It would be unfair to permit the petitioner to raise the question for the first time after an adverse decree. *Handy* v. *Miner*, 265 Mass. 226. See *Clapp* v. *Thaxter*, 7 Gray, 384. The case is distinguishable in this respect from *Mulrey* v. *Carberry*, 204 Mass. 378. See *Mulrey* v. *Carberry*, 207 Mass. 390. The judge exercised a sound discretion when he denied leave to file the petition. See *Elliott* v. *Balcom*, 11 Gray, 286, 300; *Stuart* v. *Roche*, 264 Mass. 63, 65.

*M. T. Twomey*, pro se.

*W. J. Griffin*, for the respondents.