CRESCENT BOSSE *vs.* LEONARD & BARROWS SHOE COMPANY
(and a companion case[1]).

Plymouth.   October 3, 1961. — November 17, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Equity Jurisdiction,* Bill of review. *Equity Pleading and Practice,* Peti-
tion for leave to file bill of review, Judicial discretion.

A petition for leave to file a bill of review of a final decree in a suit in
equity enjoining the petitioner and other defendants in the suit from
picketing did not reveal error of law apparent on the face of the record
in that the findings specified in G. L. c. 214, § 9A, as amended through
St. 1950, c. 452, § 3, had not been made in the suit where there was an
express finding therein that no labor dispute existed.   [208–209]
Where a final decree was entered in a suit in equity with the consent of
all of numerous defendants enjoining them from picketing, no abuse
of discretion appeared in denial of a petition for leave to file a bill of
review of the decree brought by one only of the defendants more than
ten months after the entry of the decree.   [209]

Two PETITIONS, filed in the Superior Court on July 28,
1960.

The cases were heard by *Goldberg, J.*

*Robert Weihrauch,* for the petitioner.

*Benjamin Seligman* of New York, (*Madeline Balk* of New
York & *Alan L. Lefkowitz* with him,) for the respondents.

SPIEGEL, J.   These are petitions filed in the Superior
Court on July 28, 1960, for leave to bring two bills to review
two final decrees entered by that court on September 14,
1959.   The petitioner appeals from the denial of these peti-
tions.   The cases were argued together and are herein so
considered.

In August, 1959, the Plymouth Shoe Company and the
Leonard & Barrows Shoe Company simultaneously filed
bills in equity[2] seeking to restrain the present petitioner,

---

[1] The companion case is by the same petitioner against Plymouth Shoe
Company.

[2] *Leonard & Barrows Shoe Company* v. *Charles D. Armanetti & others,*
Plymouth Superior Court, Equity No. 42247. *Plymouth Shoe Company* v.
*Charles D. Armanetti & others,* Plymouth Superior Court, Equity No. 42248.

named as a defendant in those suits together with fifty other individual defendants, from picketing the companies' plants and for certain other relief. On September 2, 1959, interlocutory decrees were entered stating that the causes were "argued by counsel; and based upon admissions made in open court and it being determined that no labor dispute exists thereupon, upon consideration thereof . . ." preliminary injunctions were granted.

On September 14, 1959, final decrees were entered permanently enjoining the present petitioner and the other individual defendants from picketing and granting certain other relief. It was further ordered in the Plymouth Shoe decree that the company, within two weeks from the date of the decree, ". . . hire . . . as new employees twenty-five of the discharged employees to be selected by the company in its sole discretion." The final decree in each case was assented to by counsel for all of the parties.

The petitions here in question allege that the records in the original proceedings disclose errors on the face thereof and pray that the decrees be reviewed and declared erroneous. The petitions assert that such relief is justified because the original proceedings involved a labor dispute; that, under the provisions of G. L. c. 214, § 9A (as amended through St. 1950, c. 452, § 3), a court granting injunctive relief in a case involving a labor dispute is required to make certain findings of fact; and that since the court which entered the decrees in the original proceedings failed to make the required findings, it was without jurisdiction to enjoin the defendants.

The petitioner argues that the Superior Court had no discretion to deny his petitions for leave to file bills of review since bills of review based upon error of law apparent on the face of the record could be brought without first obtaining permission of that court.

The petitions, however, do not reveal any error apparent on the face of the record. The petitioner contends that the failure of the trial judge to make certain findings of fact required by G. L. c. 214, § 9A, *supra,* constitutes such error.

That statute requires such findings only when the case involves a labor dispute. The preliminary injunction contained an express determination by the court that no labor dispute existed, thereby obviating the need for any statutory findings. We perceive no reason on the record to reverse the judge's decision.

The rule is well established that leave to file a bill to review a final decree is a matter of discretion. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 284. *Brooks* v. *National Shawmut Bank,* 323 Mass. 677, 685. *Stuart* v. *Roche,* 264 Mass. 63, 65, involved a petition for leave to file a bill of review alleging in substance that "as [a] matter of law the court erred in finding the material facts on which the final decree was based." It was held that the allowance of the petition was discretionary.

The final decrees in the original proceedings were entered with the consent of all the individual defendants, but the present petitioner alone seeks to have them reviewed. The decrees were entered more than ten months prior to the filing of the present petitions. There is nothing in the record to indicate that the parties have not materially changed their positions during that period. It has not been demonstrated that a review would accomplish anything other than a retrial of issues which had been settled by final decrees entered with the consent of all the parties. The judge did not err in denying leave to file the bills of review.

*Decrees affirmed with costs of appeal.*