MARY E. MULREY & others *vs.* ANNA M. CARBERRY.

Suffolk.     December 1, 1909. — January 8, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Equity Jurisdiction,* Treatment of joint defendants, Review.     *Equity Pleading and Practice,* Bill of review, Appeal.

It is contrary to the principles of equity that when joint defendants in a suit in equity make the same defense, which is applicable alike to each of them, some of them should be held liable and others should prevail.

Although the granting of a petition for leave to file a bill of review in a suit in equity is said to be a matter of discretion, the proper exercise of that discretion is subject to revision on appeal.

The exercise of discretion by a judge in a proceeding in equity may be revised upon an appeal where it could not be so revised in an action at law.

It is not a sufficient reason for refusing to grant a petition for leave to file a bill of review in a suit in equity, that there has been a final decree in the case founded upon a rescript of this court, if the errors relied upon by the petitioner as reasons for granting a review were not apparent on the record previously before this court and then were not considered.

After an appeal had been taken from a decree of the Superior Court in a suit in equity, where a commissioner had been appointed under Equity Rule 35 to take the testimony, the appealing party discovered that the stenographer who took the testimony at the later part of the hearings was not the person who had been appointed the commissioner and who had taken the first portion of the evidence. He thereupon moved that the stenographer should be appointed a commissioner *nunc pro tunc* to take the evidence. This motion was denied. He appealed from the order denying the motion, and the denial of the motion was affirmed by this court. He then filed a petition for leave to file a bill of review. *Held,* that the failure of the petitioner to obtain a hearing in this court upon the questions of law involved was not so far chargeable to his own fault or neglect as to preclude him from relief by a bill of review.

KNOWLTON, C. J.     This is an appeal from a final decree,* dismissing the plaintiffs' petition for leave to file a bill of review.     The decree recites an agreement of the respondent that the allegations of fact in the petition might be taken to be true for the purposes of the hearing.     The original case which the plaintiffs seek to review, as it appeared in the record then before us, is reported in 192 Mass. 547.

By the allegations of the present petition it appears that the plaintiffs in the original suit brought a bill to obtain a conveyance of land which had belonged to their grandfather, Michael

---

* Of the Superior Court made by *Fox,* J.

Mulrey, and which their uncle Timothy D. Mulrey, as administrator of his father's estate, had sold, by leave of the Probate Court, for the payment of debts, upon a representation of the insolvency of the estate, which representation they alleged to have been fraudulent. After the sale, the purchaser conveyed the property back to the administrator, and he held it until his death, when it passed under his will to the defendants, four of his children. The plaintiffs alleged that all of these proceedings were in fraud of the heirs of Michael Mulrey. The conveyance by the administrator was in 1879. One of the defendants died while the suit was pending, and his interest as devisee descended to his heirs at law, one of whom was his brother, John R. Mulrey. He was not one of the devisees, and was not an original party to the suit. There was an order for a decree dismissing the bill as to the plaintiff Manning, and sustaining it in favor of the plaintiff Carberry, and this order was accompanied by a memorandum, showing that a conveyance should be made by the three surviving defendants, Mary E. Mulrey, Elizabeth D. Mulrey and Catherine A. Mulrey, and by the said John R. Mulrey and his wife Maria O. Mulrey. Thereupon, before the entry of any decree, John R. Mulrey filed a petition, setting forth that he was not a party to the suit, and had never been heard, and asking to be admitted as a party defendant, and to be permitted to file pleadings, and to be heard in his defense. This petition was granted, and he appeared and filed an answer, which was substantially the same in its grounds of defense as that filed by the other defendants. Then a motion was filed to vacate the order for a decree. This motion was allowed as to that part of the decree that related to the defendant John R. Mulrey, and disallowed as to that part which related to the other defendants. A hearing was then had, and the defense of John R. Mulrey was sustained, and a decree entered dismissing the bill as to him. As against the other defendants, a decree for the plaintiff Carberry was entered, requiring that they convey to her the one third of the estate which had been conveyed to their father and devised to them and their deceased brother, the former defendant, Thaddeus F. Mulrey, notwithstanding that a part of the share of this brother had descended upon his death to John R. Mulrey. No appeal was taken from the decree in favor of

John R. Mulrey, but the other defendants appealed from the decree against them. One Murray, a stenographer, had been appointed a commissioner to take the evidence in the cause, to be reported to the court under Equity Rule 35 of the Superior Court, and he took the testimony at the hearings which preceded the first order for a decree. At the later hearing an official stenographer, one Richardson, an assistant of Murray, took the testimony, without any change in the order. Subsequently the defendants in the original suit made a motion that Richardson be appointed a commissioner *nunc pro tunc* to report the evidence. This motion was denied and the defendants appealed. Upon the appeal to this court the decree in favor of the plaintiff and the denial of this motion were affirmed.

It appears by the averments of the petition, which for the purposes of the hearing are agreed to be true, that when the petitioners attempted to have the evidence in the original suit presented to the Supreme Judicial Court, they first discovered that there was a change in the persons who took the testimony stenographically, and that the testimony at the last hearing was not taken by the commissioner appointed for the purpose, but by his assistant. It also appears that John R. Mulrey prevailed on the merits, upon grounds which were set up in the answer of the other defendants, all of which were as applicable to them as to him. All the hearings at the different stages of the case, before the filing of the petition for a review, were before the same judge of the Superior Court.* The determination of the facts at the hearing after John R. Mulrey was admitted as a defendant was applicable to the issues between the plaintiffs and the other defendants, and it required a decree in favor of all the defendants.

Upon the allegations of the petition before us, there could not be a decree in favor of one of the defendants and against the others. Nor could the three defendants be required to convey the whole of the one third of the estate which was devised to them and their brother Thaddeus as tenants in common, when that part of the one third which was devised to Thaddeus had passed at his death to his heirs, one of whom was John R. Mulrey. It is contrary to the principles of equity when joint de-

----

* *Fessenden*, J.

fendants make the same defense, which is applicable alike to each of them, that some should be held liable and that others should prevail. In 5 Encyc. Pl. & Pr. 995, the proposition is stated as follows: "It is well settled that no final decree can be rendered against a defendant if, upon the answer and proof of another defendant who is jointly interested, the plaintiff is not entitled to relief; in such a case the bill must be dismissed." The proposition is supported by many cases, cited in the note, among which are *Clason* v. *Morris*, 10 Johns. 524. *Frow* v. *De La Vega*, 15 Wall. 552. *Andres* v. *Lee*, 1 Dev. & B. Eq. 318. *Kopper* v. *Dyer*, 59 Vt. 477. *Farmers' Bank* v. *Gilpin*, 1 Harr. (Del.) 561. *Walsh* v. *Smyth*, 3 Bland, 9. *Cartigne* v. *Raymond*, 4 Leigh, 579. *Butler* v. *Kinzie*, 90 Tenn. 31. This is also in accordance with the rule in actions of contract at common law. *Tuttle* v. *Cooper*, 10 Pick. 281. *Hathaway* v. *Crocker*, 7 Met. 262, 267. 11 Encyc. Pl. & Pr. 847, and cases cited in note. The various exceptions to the rule and the statutory modifications of it are not applicable to a case like the present.

Upon the averments of the petition it seems plain that an injustice has been done in the entry of the decrees.

The remaining question is whether there is any good reason why there should not be a review of the case for a correction of errors. It is said, in the first place, that granting or refusing a bill of review is a matter within the discretion of the court. *Elliott* v. *Balcom*, 11 Gray, 286, 300. But the exercise of the discretion of the court, in a proceeding in equity, may be revised upon an appeal, as it cannot be in an action at law.

It is suggested that there has been a final decree in the case, founded upon a rescript of this court, and that a review will not be granted for an error of law apparent upon the face of the record, after such a rescript. See *Evans* v. *Hamlin*, 164 Mass. 239; *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157.

In the present case the errors now shown by the petition were not apparent upon the face of the record when it was before this court. The appeal from the denial of the motion to appoint a commissioner *nunc pro tunc* was disposed of in a single sentence. It was plainly a matter of discretion, and the record did not show that the discretion was wrongly exercised. A motion to

have the evidence reported after the end of a hearing is always a matter of discretion, and it is not usually granted unless there is an important reason for it. No such reason appeared in the record before us. It was open to the defendant, upon seasonable application to the judge, to have a report of his findings of fact filed in the case, for use upon an appeal. R. L. c. 159, § 23. So far as appeared there might have been good reasons why such an unusual motion should not be granted.

As to the other particulars of the case, there was nothing to show what the grounds were on which the court decided that John R. Mulrey was not liable, and that the other defendants should convey the entire one third of the property, after the death of their brother Thaddeus. The record was bare of any statement of the facts proved, after the end of the first hearing, upon which the liability of the defendants was found by the judge.

The errors now relied on by the petitioners as reasons for seeking a review were not apparent upon the record before this court, and were not considered. The decision and the rescript, under these circumstances, do not prevent the granting of a bill of review upon the facts now presented.

We are of opinion, on the averments of the petition, that the failure of the petitioners to obtain a hearing in this court upon the questions of law involved is not so far chargeable to the fault or neglect of the petitioners or their attorneys as to preclude them from relief by a bill of review. *Sylvester* v. *Hubley*, 157 Mass. 306. Until they sought to present their evidence to this court upon their appeal, they had not noticed that the stenographer who took the testimony at the second hearing was not the person who was appointed a commissioner for the cause. It was then too late to bring the evidence before us by any authorized method, or to exhibit a record that showed the questions of law involved in the decision of the Superior Court.

We are of opinion that the decree upon this petition should be reversed, and the petitioners be permitted to bring a bill of review.

*So ordered.*

*P. H. Kelley*, for the petitioners.
*J. F. Cronin*, for the respondent.