HUMBLE OIL & REFINING COMPANY *v.* BEARDEN.

Opinion delivered January 26, 1925.

ON MOTION TO DISMISS APPEAL.

1. JUDGMENT—RES JUDICATA.—An order of the trial court overruling a motion to correct the record, which stated the facts upon which a correction of the record was sought, constituted a final judgment from which an appeal might be taken, and was *res judicata* upon same state of facts, and the fact that the order stated that the facts recited in the motion were true and yet overruled same was mere error which could be corrected only on appeal.

2. APPEAL AND ERROR—EFFECT OF ORDER POSTPONING HEARING.—Where an order of the trial court overruling a motion to correct the record constituted a final judgment from which no appeal was taken, and was *res judicata* as to a subsequent motion to correct the same record alleging the same facts, an order of the Supreme Court, postponing a hearing on appeal of the case

and granting permission to either party to apply to the trial court for correction of the record, did not enlarge the power of the trial court or tend to undo the action of the court in overruling the motion to correct the record.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; motion to dismiss overruled.

*Gaughan & Sifford* and *Price Shofner,* for appellant.
*Oldham & Wade* and *George R. Haynie,* for appellee.

PER CURIAM: Appellee was the plaintiff below, and recovered against appellant a money judgment as compensation for personal injuries alleged to have been caused by negligence. The judgment was rendered on October 25, 1923, and later during the term appellant filed a motion for a new trial. There was a final adjournment for the term on December 12, 1923, and the transcript lodged here by appellant duly certified by the clerk, contains an order as of the last day of the term, overruling appellant's motion for a new trial and granting an appeal and time within which to file a bill of exceptions. Appellee subsequently filed a motion to dismiss the appeal or affirm the judgment, on the ground that the motion for a new trial was not presented to the court for a ruling thereon, nor was the order overruling the motion for a new trial made during the term, but was made by the judge in vacation, and was erroneously entered on the record by the clerk as of the last day of the term. On consideration of this motion this court entered an order on June 30, 1924, postponing further consideration, with permission to either of the parties to apply to the trial court for a correction of the record so as to show whether or not the motion for a new trial was acted on during term time.

On July 3, 1924, appellee filed a motion in the circuit court to amend the record *nunc pro tunc* so as to show that the order of December 12, 1923, overruling the motion for a new trial, was not in fact rendered by the court on that day, but was a vacation order. Appellant appeared to resist the motion and filed an answer alleging, among other things, that appellee had, on May 7,

1924, filed a similar motion, which the court had overruled, and pleaded the former ruling as an adjudication of appellee's right to have the record amended as to the particular order mentioned. Appellant exhibited with its answer a copy of the former proceedings of the court. On the hearing of the motion, the court granted the prayer, and entered an order *nunc pro tunc*, reciting that the order overruling the motion for a new trial was not in fact rendered by the court on the day mentioned or during the term of the court, but was rendered in vacation. Appellant has brought the record of that additional preceeding to this court by appeal.

The contention of counsel for appellant is that the order made by the court on May 7, 1924, was an adjudication and bar to further proceedings on the part of appellee to obtain a correction of the record in the particulars mentioned. We are of the opinion that the contention of counsel is correct, for we perceive no reason why the adjudication on the question of the correction of the record should not bar subsequent inquiry into the same matter, if the two applications are based on the same state of facts. If such were not the case, a ruling of a court in matters pertaining to the record would never become final, but would remain within the control of the court. We think that an order of court on a motion stating the facts upon which a correction of the record is sought constitutes a final judgment, from which an appeal may be taken, and which bars any further adjudication of that particular question upon the same state of facts.

It appears from the record that there was a peculiarity in the order of May 7, 1924, in that it recited a finding of the court that the facts recited in the petition were true, but the court proceeded nevertheless, and overruled the petition. The trial judge subsequently made an amendment to this order by striking out the words expressing a finding that the facts recited in the petition were true, and it is contended that this correction was beyond the power of the trial judge, for the

reason that it was made in vacation. Without going into the question concerning the effect of this action of the trial judge in attempting to change the form of the order in vacation, we conclude that, if the order be accepted in the form contended for by appellee, containing a recital of the finding by the court that the facts were true, yet the prayer of the petition was overruled, and, at most, the order was merely erroneous, and could have been corrected only by appeal. There was no appeal prosecuted in that case, and, as before stated, we think that the judgment overruling the petition to amend the record was final and conclusive.

Counsel for appellee seek to uphold the last order of the court and to escape the effect of the former adjudication on the ground that the order of this court postponing the case and granting permission for either party to apply to the court for a correction constituted an adjudication of the continuing power of the circuit court to make the order. In other words, the contention is that the order of this court granted to the parties the right to get an order of correction from the trial court, and that this averted the effect of the former order of the trial court as a bar to further proceedings. We do not agree with counsel in this contention, for the effect of the order of this court was merely a postponement of the case to give the parties an opportunity, if the way was still open, to secure a correction of the record in the trial court. The order made here did not in any respect enlarge the powers of the trial court or tend in any degree to undo what the court had already done.

The last order of the circuit court amending the record is therefore reversed and quashed, and the motion to dismiss the appeal or affirm the judgment is overruled.