HERBERT L. HANDY & another *vs.* WILLIAM H. MINER.

Hampden.   October 18, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Bill of review.

Where, upon an appeal from decrees sustaining a demurrer to a petition for leave to file a bill of review of a suit in equity and dismissing the petition, the petitioner contends merely that facts found by a master who heard the original suit were contradictory, and presents no issue not open at the hearings of the original suit at its various stages, the decree dismissing the petition must be affirmed.

PETITION, filed in the Superior Court on June 30, 1927, for review of two suits in equity, described in the opinion.

The respondent demurred.   The demurrer was heard by *Lummus,* J., and was sustained.   The petition was dismissed. The petitioners appealed.

The case was submitted on briefs.

*J. B. Ely & F. M. Kingsbury*, for the petitioners.

*E. W. Carman & W. J. Bartnett*, for the respondent.

WAIT, J.   This is an appeal from a final decree of the Superior Court dismissing a petition for leave to file a bill of review to which a bill of review was appended, after demurrer to petition and bill had been sustained.

The ground for the review sought is contended to be error in law in certain findings of fact by the master to whom had been referred the original bills which had been consolidated and were disposed of by a single decree entered March 25, 1927, after rescript from this court in the cases of *Handy* v. *Miner*, and *Miner* v. *Handy*, 258 Mass. 53.

Exceptions claimed by Handy to the master's reports had been overruled and the reports had been confirmed before the entry of the decrees modified by that decision.   No error of law in such disposition was disclosed by the record.   If there were error, it was in the master's findings of fact.   The judge was right in holding that a bill of review will not lie to correct them.

A bill of review lies only to correct errors of law apparent on the record, or where new matter, either arising after the decree or which could not be produced or used in the original cause, is brought by the bill to the court's attention.   *Clapp* v. *Thaxter*, 7 Gray, 384.   *Elliott* v. *Balcom*, 11 Gray, 286.   *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157.   *Mulrey* v. *Carberry*, 204 Mass. 378.   *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281.

The petitioners claim that an error of law appears because there is, as they contend, an apparent contradiction in certain findings of fact by the master.   The master found that, in August of 1914, Miner agreed to give Handy one half his holdings in stock of the company concerned.   He does not, at this place in his report, set out what number of shares Miner then held available for division.   Later he finds that, in June of 1916, Miner finally delivered to Handy eighteen hundred forty shares, and that they represented approximately one half the stock which Miner had available for division.   The report proceeds: "Mr. Handy is not en-

titled to receive any additional stock from Mr. Miner" with the exception of a certain fifty shares. The petitioners argue that there is a contradiction in assuming that the eighteen hundred forty shares, one half the shares available for division in June, 1916, are the one half of Miner's holdings in August, 1914, available for division. The error, if any exists, is manifestly not an error of law, but of fact. Equally manifest is it, that the time to raise the question was in taking and arguing exceptions to the master's report if an error of fact, and, if erroneous in law, at the argument upon the decree to be entered in the earlier case.

There is nothing set out which has arisen since the entry of the decree after rescript except reëxamination of evidence and the record, and nothing which could not have been brought up in the original case. In substance all that is here alleged was before this court in the earlier case, and no review can be had in a lower court of matter which has been adjudicated in the final court of appeal. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad, supra,* page 162, and cases cited.

The demurrer was sustained properly and the decree dismissing the petition and bill was entered rightly.

*Decree affirmed with costs.*