HYDE PARK SAVINGS BANK *vs.* SUZANNA DAVANKOSKAS.

Suffolk.    April 7, 1937. — November 6, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Jurisdiction*, Bill of review.    *Equity Pleading and Practice*, Decree.

A court of equity was without jurisdiction to entertain a bill of review brought by one who was a defendant in a previous suit in equity to which he had a meritorious defence but against whom the suit was taken *pro confesso* and a final decree entered because of his mistake in not filing an appearance and answer.

BILL OF REVIEW, filed in the Superior Court on November 25, 1936, by leave granted by *Gray*, J.

The suit was heard by *M. Morton*, J. The defendant appealed from a decree granting a review.

*F. J. Bagocius*, for the defendant.

*G. Alpert*, (*L. R. Cohen* with him,) for the plaintiff.

LUMMUS, J. The findings of the judge show the following facts. The defendant Davankoskas, on October 9, 1935, brought a bill under G. L. (Ter. Ed.) c. 214, § 3 (7), to reach and apply, in payment of a debt due from one Budris, property alleged to be in the possession of the plaintiff bank. On October 10, 1935, a subpoena was served upon the plaintiff bank, but the assistant treasurer, mistaking the process for the copy of a writ in trustee process at law (G. L. [Ter. Ed.] c. 246, § 5), filed it away. If it had been a copy of a writ in trustee process, there would have been little risk in failing to appear and answer and in letting judgment be entered by default, adjudging the plaintiff bank to be charged as trustee (*Jarvis* v. *Mitchell*, 99 Mass. 530, 532), for by the common practice it could make its defence later on the scire facias. *MacAusland* v. *Fuller*, 229 Mass. 316, 319. *Barringer* v. *Northridge*, 266 Mass. 315, 318. *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182. But though a bill to reach and apply has sometimes been said to be "in the nature of an equitable

trustee process" (*Weinberg* v. *Brother*, 263 Mass. 61, 62), the practice and particularly the normal effect of a default are not the same as in trustee process. The plaintiff bank failed to appear or answer, a decree was entered under Rule 25 of the Superior Court (1932) taking the bill for confessed against it, and on February 21, 1936, a final decree was entered, ordering the plaintiff bank to pay to the defendant Davankoskas the unpaid balance of her claim against Budris, with costs.

On November 25, 1936, by leave of court, the plaintiff bank filed the present bill for the review of that final decree. The bill alleges that in truth the plaintiff bank had no property of Budris in its possession and owed him nothing when the subpoena was served on October 10, 1935. The judge found that "the bank should have an opportunity to make a defense on the merits to the original bill." By a final decree upon the present bill the original final decree of February 21, 1936, was vacated "in so far as said decree affects" the plaintiff bank, and it was ordered that the original case "proceed to be heard upon the merits." See *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 399, 400. The defendant Davankoskas appealed.

The case is of a class in which judicial discretion (*Long* v. *George*, 296 Mass. 574) commonly is exercised by giving a defaulted party in some way an opportunity to present his defence on the merits. *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498, 503. *Burt* v. *Hodsdon*, 242 Mass. 302. He is not required to show in advance that he has a perfect defence. It is enough that his defence is found to be worthy of a hearing. *Lovell* v. *Lovell*, 276 Mass. 10, 11, 12. *Russell* v. *Foley*, 278 Mass. 145, 148. *Kravetz* v. *Lipofsky*, 294 Mass. 80, 81. *Frechette* v. *Thibodeau*, 294 Mass. 51, 54. But caution must be used lest the negligent be rewarded to the detriment of the honest and diligent. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424. *Kravetz* v. *Lipofsky*, 294 Mass. 80. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 288. *Frechette* v. *Thibodeau*, 294 Mass. 51, 54.

The question in the present case is, whether or not the

plaintiff has chosen the proper remedy in bringing a bill of review. In *Boston & Maine Railroad* v. *Greenfield,* 253 Mass. 391, 397, it was said: "A bill of review commonly is granted only (1) for error of law apparent on the record, (2) new evidence not susceptible of use at the trial and coming to light after the decree, and (3) new matter arising after the entry of the decree." Bills of review of the first class serve a purpose in equity comparable to that of writs of error at law. *Evans* v. *Hamlin,* 164 Mass. 239, 240. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157. *Mulrey* v. *Carberry,* 204 Mass. 378. *New York Central Railroad* v. *Ayer,* 253 Mass. 122, 127, 128. *Handy* v. *Miner,* 265 Mass. 226. The present bill plainly does not fall within any of these three classes. There are in our reports hints that these classes may not exhaust the possible uses of a bill of review, and that cases of failure to defend because of mistake may be remedied thereby. *Crawford* v. *Nies,* 224 Mass. 474, 490. *Mackay* v. *Brock,* 245 Mass. 131, 134. But there are statements to the contrary. *Handy* v. *Miner,* 265 Mass. 226, 227. *Frechette* v. *Thibodeau,* 294 Mass. 51, 54.

In the early English chancery practice, from which our equity practice is derived, the function of a bill of review appears to have been the correction of a final decree which failed to do justice on the merits of the case, and not the restoration to a party of the right to be heard after it had been lost by accident or mistake. Mitford Ch. Pl. (4th ed. by Jeremy) 83, 84. 2 Daniell Ch. Pr. (5th ed. 1871) 1422. Story, Eq. Pl. (10th ed. 1892) §§ 403, 404. *Herbert* v. *Rowles,* 30 Md. 271, 278. A decree obtained by fraud could be impeached by original bill. 2 Daniell Ch. Pr. (5th ed. 1871) 1428. Story, Eq. Pl. (10th ed. 1892) § 426. *United States* v. *Throckmorton,* 98 U. S. 61. *Johnson* v. *Waters,* 111 U. S. 640. *Nesson* v. *Gilson,* 224 Mass. 212, 214. *Joyce* v. *Thompson,* 229 Mass. 106, 107, 108.

Cases of accident or mistake whereby a party failed, at one stage of the proceedings or another, to obtain his day in court, were redressed in a more simple and summary manner upon mere motion in the cause. In *Thompson*

v. *Goulding,* 5 Allen, 81, 82, after stating the general rule that a final decree in equity can be modified only by bill of review, Bigelow, C.J., said, "Cases do not come within it where some clerical errors, mistakes in computation or irregularities in making up the record have occurred, or where a final decree has been made on default of a party through the negligence or mistake of his solicitor, or by reason of want of notice to him of the pendency of the suit." *Sullivan* v. *Sullivan,* 266 Mass. 228, 229, 230. *Lovell* v. *Lovell,* 276 Mass. 10, 11. *Kingsley* v. *Fall River,* 280 Mass. 395, 398. *Frechette* v. *Thibodeau,* 294 Mass. 51, 54. *A. Doykos & T. Pappas, Inc.* v. *Leventhal,* 290 Mass. 375, 376. *Beekman* v. *Peck,* 3 Johns Ch. (N. Y.) 415. This power to set aside a final decree on motion because of accident or mistake was established very early. It is not limited to the instances enumerated by Bigelow, C.J., in the passage quoted, but extends to other cases analogous in principle. For example, a final decree entered after full hearing has been set aside where the decree was entered at an unusual time to the surprise and prejudice of a party. *Anon.* 1 Vern. 131 (1682). *Anon.* 1 Ves. Sr. 325 (1749). *Parker* v. *Dee,* 3 Swanst. 529, note. *Stevens* v. *Guppy,* 1 Turn. & Russ. 178. *Hargrave* v. *Hargrave,* 3 MacN. & G. 348. *Pearce* v. *Lindsay,* 4 DeG. & J. 211. *Hill* v. *South Staffordshire Railway,* 2 DeG. J. & S. 230. *Fryer* v. *Davies,* L. R. 1 Ch. App. 390. In *Kemp* v. *Squire,* 1 Ves. Sr. 205, and *Robson* v. *Cranwell,* 1 Dick. Ch. 61, it was a plaintiff who obtained the setting aside of a decree entered through the neglect of his solicitor, not a defaulted defendant. See also *Donovan* v. *Danielson,* 263 Mass. 419, 424. In *Benson* v. *Vernon,* 3 Bro. Parl. Cas. 626, a decree was set aside because of the excusable failure of a party to take steps to defend, without any negligence or mistake of any solicitor.

The true remedy of the plaintiff was not by bill of review, but by motion in the original suit to set aside the final decree and reopen the case. It has already sought that remedy without success. Whether the denial of its earlier motion amounts to an adjudication which bars a renewal

of it is not before us.   See *Barringer* v. *Northridge,* 266 Mass. 315; *Booth* v. *Commonwealth,* 7 Met. 285; *Hayes* v. *Collins,* 114 Mass. 54; *Humble Oil & Refining Co.* v. *Bearden,* 167 Ark. 444.

<div align="right">

*Decree reversed.*
*Bill dismissed.*