CITY OF BOSTON *vs*. JOSEPH SANTOSUOSSO & another.

Suffolk.    January 6, 1941. — January 28, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, & COX, JJ.

*Supreme Judicial Court*, Jurisdiction.  *Equity Jurisdiction*, Bill of review.
    *Equity Pleading and Practice*, Bill of review.

A bill of review, based upon either alleged errors of law or alleged errors
    of fact apparent on the record, cannot be maintained to review a
    final decree entered in a suit in equity after rescript from this court
    on appeal from a final decree following a hearing on the merits.
It would be unnecessary and improper for this court to grant, or to refuse,
    permission to file in the Superior Court a petition for leave to file a
    bill of review, based on newly discovered evidence, to review a final
    decree there entered in a suit in equity after a rescript from this
    court; leave to file such a bill of review lies in the discretion of the
    Superior Court subject to review by this court.

PETITIONS, presented to the full court of the Supreme
Judicial Court by James M. Curley and by Joseph San-
tosuosso for leave to file in the Superior Court petitions for
leave to file bills in the nature of bills of review.

*W. P. Murray*, for the petitioner Curley.

*F. L. Simpson*, for the petitioner Santosuosso.

*E. F. McClennen*, Special Assistant Corporation Counsel,
(*R. Cutler*, Corporation Counsel, & *H. Freed*, Assistant
Corporation Counsel, with him,) for the city of Boston.

FIELD, C.J.    This suit in equity, brought in the Superior
Court by the city of Boston against Joseph Santosuosso
and James M. Curley, has previously been before this court
three times.

1. By a decision reported in 298 Mass. 175, this court
affirmed decrees of the Superior Court overruling demurrers
of the defendants and adjudging pleas filed by them insuf-
ficient, but without prejudice to set up the facts therein
alleged in the answers.

2. Thereafter each defendant moved for the framing
of issues for trial by jury.  These motions were denied by

a judge of the Superior Court. The defendants appealed. The case was then heard on the merits by a judge of that court. The evidence was conflicting in important particulars. The trial judge made detailed findings of fact and an order for a decree against both defendants. Each of them made a motion for a rehearing on the alleged ground of newly discovered evidence. These motions were heard by the trial judge on affidavits and oral testimony. He denied the motions. The defendant Santosuosso appealed. A final decree was entered on April 18, 1938, ordering the defendant Santosuosso to pay to the plaintiff the sum of $25,304 and costs, and ordering the defendant Curley to pay to the plaintiff the sum of $37,957 and costs. In the case of each defendant the decree provided that "the plaintiff have execution against the defendant." On these appeals this court, after full argument and with an opinion dealing in great detail with the record on appeal and the arguments of counsel based thereon, in a decision reported in 307 Mass. 302, affirmed the decrees denying the motions for the framing of jury issues, the decrees denying motions for rehearing, and the final decree.

3. After the entry of the final decree on April 18, 1938, and after the appeals therefrom, each defendant moved in the Superior Court that the time for entering his appeal in this court be extended until November 15, 1938. These motions were allowed, after hearing, by the judge of the Superior Court who had heard the case on the merits. Upon a subsequent motion by both defendants, after hearing, the time was further extended until January 9, 1939. The propriety of these extensions was challenged by the plaintiff in various ways, but this court, in a decision reported in 302 Mass. 169, held that the granting of these extensions was within the discretionary power of the judge, and that this court could not say that in any of the instances the exercise of discretion was improper.

The statutory basis for the granting of such an extension is a provision that the "court . . . or any justice or judge thereof, may, for cause shown after hearing, extend the time for doing any of the acts required by this paragraph"

(G. L. [Ter. Ed.] c. 231, § 135), and these acts include the act of entering an appeal in this court. 302 Mass. 169, 172. With respect to the purported "cause" of the extension, this court said in part: "The purported 'cause' of the first extension . . . was the fact that there was then on trial in a session of the Superior Court 'for the county of Suffolk for criminal business a proceeding of Commonwealth *v.* Frederick H. Graves, the said Graves having been a witness for the plaintiff in this proceeding,' and that each of the defendants 'believed and intended to act' as alleged in the motions for this extension, that is, they believed that in said trial there had appeared and would appear material evidence theretofore unknown to, and not obtainable by, these appellants which would form a proper basis for a motion for rehearing of the present case, and each defendant purposed 'to file a motion for the reopening and rehearing of this cause after the conclusion of the trial of said Commonwealth *v.* Graves and after the testimony in said case shall have been reduced to writing so that this defendant may specify accurately the evidence introduced in said case of Commonwealth *v.* Graves which this defendant will rely on in support of a motion for a reopening and rehearing of this cause.' At the hearing on the motions counsel for the defendants 'stated their understanding of the testimony which had developed [at the trial of the case of Commonwealth *v.* Graves] and upon which they intended to rely in their motion for rehearing.' . . . It cannot be ruled that the purported 'cause' of the first extension, as matter of law, could not be found to be a 'cause' therefor within the meaning of § 135. The defendants, after claiming appeals from the decree entered against them, could prosecute such appeals for review of the decree on the record already made, or could seek review of the decree by bill of review, on the ground of newly discovered evidence. . . . It cannot be ruled that the belief of an appellant in the existence of newly discovered evidence and an intention on his part to seek review of the decree appealed from by a bill of review on the ground of such evidence could not constitute a 'cause,' within the meaning of § 135, for extension of the

time for entry of the appeal in this court, in order that, in the interests of justice and the orderly conduct of litigation, such appellant might have an opportunity to determine, before prosecuting his appeal further, whether to seek review of the decree by a bill of review on the ground of newly discovered evidence. . . . The plaintiff, however, attacks the extension of time for entry of the appeals on the ground that it was based on the intention of each of the defendants to 'file a motion for the reopening and rehearing' of this case — not a petition for leave to bring a bill of review — and that such a motion would not lie. It is true that such a motion in its technical sense would not lie. . . . The defendants' motions and the finding of the judge were based on intended action by the defendants directed toward obtaining a review of the decree on the ground of newly discovered evidence, which, according to settled law, could be obtained only on a bill of review. Obviously this was the substance of the proceedings contemplated by the defendants notwithstanding the description of the pleadings intended to be filed. . . . The second extension of time for entry of the defendants' appeals was, in effect, merely a lengthening of the period of the first extension." 302 Mass. 169, 172–176. In accordance with this line of reasoning — somewhat more fully elaborated — the extensions of time for entering the appeals in this court were upheld. Before the last extension expired, however, the appeals were entered in this court. The disposition thereof appears in the decision reported in 307 Mass. 302, already referred to.

4. After the decision of this court reported in 307 Mass. 302, and the issuing of a rescript to the Superior Court on November 22, 1940, embodying this decision, a final decree after rescript was entered in that court on December 4, 1940, apparently in conformity with the rescript.

5. The defendant Curley now brings before this court a petition entitled: "Petition for leave to file in the Superior Court a petition for leave to file a bill in the nature of a bill of review of a decree because of newly discovered evidence and because of the denial of due process of law."

Attached to said petition is a copy of a petition to the Superior Court for leave to file therein a "bill in the nature of a bill of review," a copy of which is thereto annexed. The defendant Santosuosso brings in this court a like petition for "leave to file in the Superior Court . . . a petition for leave to file a Bill of Review, a copy whereof is annexed" to the petition brought before this court by the defendant Curley. We do not pause to discuss distinctions between a "bill in the nature of a bill of review" and a "bill of review" since it is obvious that both defendants are seeking the same result — review of the final decree entered in the Superior Court after rescript from this court, which is the function, in a proper case, of a bill of review. See *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 423. The petitions, therefore, are considered on this footing.

6. Apart from appeal and certain instances of amendment which are inapplicable to the present case, a final decree can be reviewed or set aside only upon a bill of review. *Nelson* v. *Bailey*, 303 Mass. 522, 524, and cases cited. The defendants in the original case — the petitioners here — as above set forth, availed themselves of their rights of appeal from the final decree originally entered in the Superior Court, and that decree has been affirmed by this court and a final decree after rescript has been entered in the Superior Court in the words of the final decree appealed from, except that the amounts stated therein apparently have been changed to bring up to the date of the decree after rescript the computation of interest and costs. See *Boston* v. *Santosuosso*, 307 Mass. 302, 354. An appeal from the decree after rescript would bring before this court, at most, only the question whether such decree conformed to the rescript. *Carilli* v. *Hersey*, 303 Mass. 82, 84–86.

7. As was said in *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397: "A bill of review commonly is granted only (1) for error of law apparent on the record, (2) new evidence not susceptible of use at the trial and coming to light after the decree, and (3) new matter arising after the entry of the decree." See also *Hyde Park Savings Bank* v. *Davan-*

*koskas,* 298 Mass. 421, 423; *Counelis* v. *Andreson,* 299 Mass. 382.    The bills of review that the petitioners seek leave to file purport to be based on both the first and second of these grounds.

8. The final decree after rescript which the petitioners seek to review is a decree of the Superior Court, although the case has been in this court on the appeal (see G. L. [Ter. Ed.] c. 214, § 19; *Nelson* v. *Bailey,* 303 Mass. 522, 526), and the decree after rescript was entered in pursuance of its order.    But the rescript was not itself a decree.    *Carilli* v. *Hersey,* 303 Mass. 82, 84.    It was a direction to the Superior Court to enter a decree in accordance therewith — in effect a remanding of the case to that court for the entry of such a decree.    G. L. (Ter. Ed.) c. 212, § 9.    After the entry of such a decree in the Superior Court, in the absence of an appeal therefrom, available only for a limited purpose, the case is no longer subject to the jurisdiction of this court.    And if such a decree can be reviewed on a bill of review the bill for that purpose must be brought in the Superior Court where the decree is of record.    *Nelson* v. *Bailey,* 303 Mass. 522, 525–526.    Such a bill cannot be brought in this court.    *Duffy* v. *Hogan,* 203 Mass. 397, 405.    See *Crocker* v. *Crocker,* 198 Mass. 401.

9. The petitioners, however, do not seek to file bills of review in this court, but seek, rather, permission to file petitions in the Superior Court for leave to file such bills in that court.    No statute purports to authorize this court to grant such permission.    No decision of this court furnishes any authority under our practice for granting such permission.    And we think that there are reasons that preclude the granting of such permission.

10. So far as the proposed bill of review is based upon alleged errors of law apparent on the record it cannot be maintained to review a final decree after rescript.    *A fortiori* it cannot be maintained on the ground of errors of fact so apparent.    An appeal and a bill of review for errors apparent on the record are in general alternative remedies, though a bill of review "is inferior in value to an appeal, for it reaches only errors of law apparent upon

the record, and does not reach errors in conclusions of fact from the evidence even though the evidence has been made part of the record." *Nelson* v. *Bailey,* 303 Mass. 522, 524–525. A defeated party cannot have both remedies. He cannot resort to the remedy of a bill of review after he has availed himself of the remedy of appeal and on such appeal a final decree after rescript has been entered. This principle is clearly established by the decided cases.

In *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 162–164, an attempt was made to bring a bill of review of a decree after rescript. It is immaterial that the original case was brought to this court by a report of the trial judge and not by appeal. The court said: "A bill of review for errors of law apparent on the face of the record will not lie after the final decree has been affirmed on appeal. . . . Whatever the rule may be in a bill of review on newly discovered evidence, the authorities are substantially unanimous that a bill of review for errors of law apparent on the face of the record will not lie after the decree has been affirmed by the appellate court, and a decree entered in accordance with the mandate of the appellate court is equivalent to a decree affirmed by the appellate court. . . . An examination of the original papers in the case . . . shows that every question of law which the plaintiff seeks to raise in this bill of review could have been raised by the plaintiff at the hearing of the case in this court on the report of the justice of the Superior Court." In *Handy* v. *Miner,* 265 Mass. 226, there had been an appeal from a decree of the Superior Court and after decision by this court a final decree after rescript. Review was sought by a bill of review. This court held that a bill of review would not lie, saying: "There is nothing set out which has arisen since the entry of the decree after rescript except reëxamination of evidence and the record, and nothing which could not have been brought up in the original case. In substance all that is here alleged was before this court in the earlier case, and no review can be had in a lower court of matter which has been adjudicated in the final court of appeal." Page 228.

See also *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 285. The force of these decisions has not been weakened in any respect. The case of *Mulrey* v. *Carberry*, 204 Mass. 378, is readily distinguishable. There the petitioners were permitted to bring a bill of review, since the errors relied on by them "as reasons for seeking a review were not apparent upon the record before this court, and were not considered." Page 382. And in *Day* v. *Mills*, 213 Mass. 585, the error that was reviewed was not committed until after the decision of this court on appeal, and obviously was not apparent upon the record then considered.

The alleged errors relied on by the petitioners in this aspect of the present case were apparent upon the record previously before this court. Every question of law involved could have been raised by the ·petitioners at the hearing of the case in this court on appeal. See *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157, 163– 164, 165. Indeed, these questions were argued by counsel and considered by this court, though, to some extent, the petitioners now set forth in the proposed bill of review arguments thereon not made at the hearing. Since, according to settled law, the proposed bill of review, so far as it is based on alleged errors of law apparent on the record, cannot rightly be brought in the Superior Court it is obvious that this court cannot grant permission to the petitioners to file in that court petitions for leave to file such bills of review based wholly or in part on this ground.

11. If the proposed bill of review can be regarded as separable as between the part thereof based on "error of law apparent on the record" and the part thereof based on "new evidence not susceptible of use at the trial and coming to light after the decree" (see *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397), the part within the latter classification is governed by principles somewhat different from those governing the part within the former classification already considered. In a proper case a bill of review based on such new evidence can be maintained after the entry of a final decree after rescript.

This point was not involved in *Nashua & Lowell Rail-*

*road* v. *Boston & Lowell Railroad,* 169 Mass. 157, and the
decision made therein as to a bill of review on the ground
of error of law apparent on the record was reached, what-
ever "the rule may be in a bill of review on newly dis-
covered evidence." Page 163. The case of *Manning* v.
*Woodlawn Cemetery Corp.* 249 Mass. 281, however, clearly
imports that a bill of review on the ground of newly dis-
covered evidence may be brought to review a final decree after
rescript. The court therein said that the bill of review then
under consideration "is not brought to correct errors of law
apparent on the record, but goes upon the ground, that
new facts have been discovered, or a new situation has de-
veloped affecting the rights of the parties which were not
available in defence when the case was tried, and the de-
cree entered. . . . Permission to file the bill, which was
given, rested in the sound discretion of the trial court, and
although subject to revision by this court, it does not appear
to have been unjustifiably exercised. . . . [Page 284] A
bill of review, by an unsuccessful defendant, ought not to
be entertained, unless it affirmatively appears, that he had a
good defence on the merits, of which he has been deprived,
or that some fraud or wrong has been practised upon him.
. . . It must be indispensable to the justice and merits of
the case. . . . The plaintiff has failed to show any mate-
rial new evidence which it might not have produced before,
and which, if produced, would have justified a decree in its
favor." Page 288. Consequently, the court ordered that
the "order allowing the bill of review is to stand," but that
a decree be entered dismissing the bill. Page 290. See
also *Mulrey* v. *Carberry,* 204 Mass. 378. And see *Gale* v.
*Nickerson,* 144 Mass. 415; *Crocker* v. *Crocker,* 198 Mass.
401.

A bill of review brought in the Superior Court to review
a final decree after rescript on the ground of newly dis-
covered evidence is not necessarily improperly brought
because of the fact that this court on appeal has reviewed
facts as well as law (compare *Gale* v. *Nickerson,* 144 Mass.
415, 417), though, of course, such a bill cannot properly be
brought for the purpose of retrying on the facts the case

decided thereon by this court. In this respect as well as in respect to matters of law the Superior Court is bound by the decision of this court. *Day* v. *Mills*, 213 Mass. 585, 587. The theory of a bill of review on newly discovered evidence is that by reason of such newly discovered evidence "a new case is made out, which this court has never passed upon." *Gale* v. *Nickerson*, 144 Mass. 415, 418. *Crocker* v. *Crocker*, 198 Mass. 401, 407.

The recognized power of the Superior Court to review a final decree after rescript on the ground of newly discovered evidence bears considerable resemblance to its power after rescript and before the entry of a final decree after rescript. With respect to this power it was said in *Long* v. *George*, 296 Mass. 574, 577, with citation of numerous cases, that doubtless "by the practice in this Commonwealth, after the rescript ordering the entry of a final decree for the plaintiff, the Superior Court upon being shown that the record upon which the case was decided in this court was inadequate or erroneous in an essential matter of fact, had power in its discretion to reopen the case in order to obtain a full and accurate revised finding of the facts, and then to enter a decree upon that finding not inconsistent with the principles of law laid down by this court."

12. A petition for a bill of review of a final decree after rescript cannot be filed in the Superior Court as matter of right without leave of that court. *Elliott* v. *Balcom*, 11 Gray, 286, 300. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 286. Whether such leave shall be granted is a matter within the discretion of that court, subject, as are other matters of discretion, to review by this court. *Elliott* v. *Balcom*, 11 Gray, 286, 300. *Mulrey* v. *Carberry*, 204 Mass. 378, 381. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 284. *Stuart* v. *Roche*, 264 Mass. 63, 65.

13. The question whether permission of this court is required or may properly be granted for the filing of a petition in the Superior Court for leave to file therein a bill of review of a final decree after rescript on the ground of newly discovered evidence must be decided in the light of the law above stated relating to such bills of review. There is no

statute and no decision in this Commonwealth to the effect that such permission is essential or may properly be granted.

In *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157, 163, this point was not involved since the bill of review there in question was based upon alleged errors of law apparent on the record. But the court quoted from *Southard* v. *Russell*, 16 How. 547, 570, where the Supreme Court of the United States said: "The better opinion is, that a bill of review will not lie at all for errors of law alleged on the face of the decree after the judgment of the appellate court. These may be corrected by a direct application to that court, which would amend, as matter of course, any error of the kind that might have occurred in entering the decree. Nor will a bill of review lie in the case of newly discovered evidence after the publication, or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the court of chancery and house of lords, in England, and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between parties in chancery suits." This court also referred to and quoted from the case of *Putnam* v. *Clark*, 8 Stew. (N. J.) 145, where the Court of Errors and Appeals of New Jersey denied that leave must first be obtained from the appellate court to file a bill of review in the court below on the ground of newly discovered evidence. No implication can be drawn from the references to these cases as to the view held by this court. In the earlier case of *Gale* v. *Nickerson*, 144 Mass. 415, the court had under consideration a petition to the Probate Court to "review or revise a decree" that had been affirmed by this court — that is by a single justice thereof — sitting as the Supreme Court of Probate. This court, sitting as a full court, in its opinion recognized, with citation of numerous cases, including *Southard* v. *Russell*, 16 How. 547, a "general current of the authorities, though there is some conflict, . . . that an inferior court cannot review or revise a decree of a superior

court, which is sent down to the inferior court to be executed, without leave being first given by the appellate court." But the court held that by reason of "the peculiar features of our system" such leave was not required.    Page 418. The features of our system relied on were not different in substance from the present practice relating to appeals from the Superior Court to this court sitting as a full court. This court, in the case cited, regarded it as "more in harmony with our system, and more convenient in practice" that a motion for new trial or rehearing should be heard in the first instance in the trial court.    Page 417.    See also *Crocker* v. *Crocker*, 198 Mass. 401.

*Mulrey* v. *Carberry*, 204 Mass. 378, *S. C.* 207 Mass. 390, *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, and *Handy* v. *Miner*, 265 Mass. 226, were cases of bills of review, on the ground of matter not apparent on the record, to review final decrees after rescript entered in the Superior Court.    In the first two of these cases it was stated definitely that leave to file such a bill of review was within the discretion of the Superior Court, subject to revision by this court. In the *Manning* case it was said further that while "a bill of review grounded on new matter can only be filed by leave of court, and the relevancy of the matters relied on is ordinarily well considered before leave is given, yet the defendant may demur, with the same effect as if the bill of review had been an original bill for relief."    In the *Mulrey* case a denial by the Superior Court of leave to file a bill was reversed.    In the *Manning* case the granting of such leave was affirmed, but the overruling of a demurrer to the bill was reversed and the bill ordered dismissed.    In the *Handy* case the decree "dismissing a petition for leave to file a bill of review to which a bill of review was appended" (page 227) was affirmed.    In no one of these cases was reference made directly to the necessity or propriety of a grant of leave by this court to file a petition in the Superior Court for leave to file therein a bill of review.    Yet in each of these cases *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 169 Mass. 157, was cited.    In *Long* v. *George*, 296 Mass. 574, the question dealt with was the power of the Superior Court

to reopen a case for revised findings of fact after rescript, but before entry of a final decree. This court said that we "have never adopted the Federal practice, under which the lower court is powerless in this respect unless granted leave by the appellate court." Page 577. We think that this statement represents also the law of this Commonwealth with respect to bills of review on the ground of newly discovered evidence. We think that the conclusion follows from the cases already cited, particularly in the light of the statements in some of them as to the power of the Superior Court to grant leave to file bills of review, that such power is to be exercised by the Superior Court without prior action by this court, but subject to review by this court.

The cases already cited relating to the power of the Superior Court to grant leave to file a bill of review on the ground of matter not apparent on the record clearly indicate that the exercise of such power, in the case of a bill of review on the ground of newly discovered evidence, may involve not merely an examination of the petition and of the bill of review sought to be filed, but also a consideration of the nature, materiality and credibility of the alleged newly discovered evidence. See *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 288. See also *Elliott* v. *Balcom*, 11 Gray, 286, 300. Even though such consideration must be given in the light of the record of the original case and the decision thereon by this court both as to law and as to fact (see *Day* v. *Mills*, 213 Mass. 585, 587), it is more nearly in harmony with the practice in this Commonwealth in equity cases generally that a hearing involving such consideration of evidence be had in the first instance in the Superior Court, subject to review by this court, than that it be had in the first instance in this court. And it would not be in harmony with the practice in this Commonwealth that there should be two such full hearings, one in this court, and another in the Superior Court. Furthermore, to have a hearing in this court of the same scope as the hearing to be had thereafter in the Superior Court would be inconsistent with the importance attached by our decisions to the hearing in the Superior Court since

it would be contrary to settled practice for the trial court to have the power to reverse a decision of the appellate court on the same questions of law and of fact. Moreover, no sound basis is apparent for a prior hearing in this court of more limited scope than the hearing that, in contemplation of law, is to be had in the Superior Court. A grant by this court upon a partial examination of the matter of leave to file a petition in the Superior Court would be likely to lead to confusion when the matter later comes before that court for a complete examination. Even the question of the sufficiency of the allegations of the petition and of the bill is a matter for the consideration of that court in determining whether leave to file the bill shall be granted, though if such leave is granted this question remains open for decision on demurrer by the Superior Court, subject to review by this court. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 286–290.

14. For the reasons stated, we conclude that permission of this court to file in the Superior Court a petition for leave to file therein a bill of review to review a final decree entered in that court after rescript from this court is not prerequisite to the filing of such a petition in that court, and that it would be improper practice for this court to grant or deny such permission. The petition of each petitioner — defendant in the original case — for such permission is dismissed.

*Ordered accordingly.*