MURIEL W. ARONSON *vs.* ROBERT A. ARONSON. December 3, 1969. On November 13, 1968, a decree was entered dismissing a separate support petition brought by the wife. On November 22, 1968, the husband's motion to reduce payments under a temporary order for support was dismissed. Also on November 13, 1968, a decree nisi was entered in favor of the husband on his libel for divorce. The dismissal of the separate support petition was on the ground that a decree nisi for divorce had been entered. On November 18, 1968, motions were filed by the wife to revoke the decree dismissing her separate support petition and the decree nisi in favor of her husband. On November 22, 1968, decrees were entered allowing both motions. From these decrees and the decree dismissing his motion to reduce payments, the husband appealed. On this record, which contains no evidence or findings of fact but only the motions and the action taken on them, no error has been shown. On the basis of the allegations contained in the wife's motions, the court undoubtedly had the power to do what it did. See *Hyde Park Sav. Bank* v. *Davankoskas*, 298 Mass. 421, 424. Since the dismissal of the separate support petition has been set aside, the dismissal of the husband's motion to reduce payments (which presumably was based on the dismissal of the separate support petition) should likewise be set aside. The decree vacating the dismissal of the separate support petition and the decree vacating the decree nisi are affirmed. The decree dismissing the husband's motion to reduce separate support payments is reversed.

*So ordered.*

*Joel Rome* for Robert A. Aronson.
*Joseph B. Abrams* for Muriel W. Aronson.