RICHARD STOCK vs. MASSACHUSETTS HOSPITAL SCHOOL
& others.[1]

Suffolk. December 3, 1984. — April 8, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, LYNCH & O'CONNOR, JJ.

*Education,* Special educational needs. *Civil Rights,* Attorney's fees.

The plaintiff in a civil action brought to establish his continued eligibility for
special educational services, who prevailed on his claims based on State
and Federal statutory law, including the Assistance for Education of All
Handicapped Children Act, 20 U.S.C. §§ 1401-1461 (1982), was enti-
tled to recover his attorney's fees under 42 U.S.C. § 1988 (1982), where
his complaint had also asserted Federal due process claims cognizable
under 42 U.S.C. § 1983 (1982) and based upon the same facts as were
the substantive statutory claims on which he ultimately prevailed.
[439-442]

CIVIL ACTION commenced in the Superior Court Department
on July 23, 1982.

Following review reported in 392 Mass. 205 (1984), the
Supreme Judicial Court considered a petition for rehearing.

*Richard F. Howard* for the plaintiff.

*Judith S. Yogman,* Assistant Attorney General, for the de-
fendants.

LIACOS, J. The plaintiff, Richard Stock, requests an award
of attorney's fees for services rendered on appeal in *Stock* v.
*Massachusetts Hosp. School,* 392 Mass. 205 (1984) (*Stock I*),
and directions to the Superior Court to assess attorney's fees
for other work performed by Stock's attorney in the course of
the litigation of this case. Within ten days after the date of the

___

[1] The Department of Education (department), the Commissioner of Edu-
cation, the director of the bureau of institutional schools of the division of
special education of the Department of Education, the superintendent of
the Massachusetts Hospital School, and the program manager of Brayton
High School.

rescript in *Stock I, supra,* Stock submitted to the full court this request for fees, characterizing his request as a petition for rehearing and complying with the procedures for such a petition. See Mass. R. A. P. 27, 365 Mass. 874 (1974). We have treated Stock's motion as a petition for rehearing.[2]

The facts underlying this controversy are set forth in *Stock I.* We restate here some of the factual and procedural background. The suit was originally brought by Joseph Stock on behalf of his handicapped child, Richard Stock. The complaint contained seven counts arising under the Assistance for Education of All Handicapped Children Act (EAHCA), 20 U.S.C. §§ 1401-1461 (1982); G. L. c. 71B; § 504 of the Rehabilitation Act, 29 U.S.C. § 794 (1982); and the due process protections of the Fourteenth Amendment to the Constitution of the United States and of the Declaration of Rights of the Massachusetts Constitution. A judge of the Superior Court ordered the entry of summary judgment in favor of all the defendants and dismissed Stock's complaint, concluding that Stock had not met the "primary jurisdiction" requirement of exhaustion of administrative remedies. Stock appealed that judgment, and we allowed his motion for direct appellate review. After summary judgment, Stock's counsel requested an administrative hearing before the Bureau of Special Education Appeals (Bureau).

---

[2] According to Rule 23 of the Massachusetts Rules of Appellate Procedure, a rescript will issue to the lower court twenty-eight days after its date. A petition for rehearing will stay issuance of the rescript until disposition of the petition, unless otherwise ordered. Mass. R. A. P. 23, as amended, 367 Mass. 920 (1975). In this case, the rescript issued, on the plaintiff's request, even though the petition for rehearing had been filed. See rule 23.

The defendants have filed a motion to dismiss the petition on the ground that we lack appellate jurisdiction after the rescript has issued. They rely on *Joyce* v. *George W. Prescott Publishing Co.,* 352 Mass. 767 (1967), as the basis of their claim that we have no jurisdiction to consider the plaintiff's petition. We note two points. In *Joyce,* we stated that "[a]fter the case went to *judgment* in the Superior Court, the case is no longer subject to the jurisdiction of this court" (emphasis added). *Id.* To the same effect is *Boston* v. *Santosuosso,* 308 Mass. 189, 194 (1941). Second, there is no showing that *Stock I* has gone to judgment. Indeed, in our order we reversed the summary judgment, ordered further administrative proceedings, and instructed the Superior Court to retain jurisdiction. *Stock I, supra* at 214-215. *Joyce* is inapplicable. The motion to dismiss is denied.

The Bureau denied that request because Stock had already received a high school diploma and was therefore no longer a "[s]chool age child with special needs," as defined in G. L. c. 71B, § 1, as amended by St. 1978, c. 552, § 18. Stock appealed that denial of an administrative hearing to the Superior Court in a separate action, Richard Stock *vs.* Department of Education (Superior Court, Suffolk County, No. 61786), which was stayed pending the outcome of *Stock I.*

In *Stock I* we held that the awarding of a high school diploma to Stock, thus terminating his eligibility for special education services, without formal, written notice to his parents of the graduation decision, of their right to involvement in that decision, and of their right to a hearing and administrative review violated State and Federal statutory law. *Stock I, supra* 212. Furthermore, exhaustion of the administrative process was not required because the record revealed that it would have proved futile. *Id.* at 213. Because statutory violations formed the premise for our decision, we did not reach Stock's constitutional claims.

Stock now argues that he is entitled to attorney's fees (1) as a prevailing party in an action brought to enforce a provision of 42 U.S.C. § 1983 (1982),[3] (2) as an equitable matter because of the defendants' bad faith, (3) as a "private attorney general," and (4) as a party against whom frivolous defenses have been asserted, pursuant to G. L. c. 231, § 6F. We hold that Stock is entitled to attorney's fees pursuant to 42 U.S.C. § 1988 (1982) and, hence, do not consider his other claims.

The issue of entitlement to fees in special education cases has been addressed recently in *Smith* v. *Robinson,* 468 U.S. 992 (1984), though the parties disagree as to the effect of that decision on the instant case. In *Smith, supra,* the Court considered the extensive administrative process established in

---

[3] The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988 (1982), provides, in part: "In any action or proceeding to enforce a provision of section [ ] . . . 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

EAHCA to protect the rights of handicapped children[4] and found that EAHCA would be rendered ineffective if a plaintiff could choose, instead, simply to go directly to Federal court alleging a constitutional claim. Thus, the Court concluded that "where the [EAHCA] is available to a handicapped child asserting a right to a free appropriate public education, based either on the [EAHCA] or on the Equal Protection Clause of the Fourteenth Amendment, the [EAHCA] is the exclusive avenue through which the child . . . can pursue [his] claim." *Id.* at 1013. EAHCA does not provide for the awarding of fees. Construing the intent of Congress under the act, the Court concluded that, when an equal protection claim is brought by a handicapped child seeking the free appropriate public education provided for by EAHCA, it cannot be based on 42 U.S.C. § 1983, and no fee can be awarded.

The Court next turned to a due process challenge brought by the plaintiffs and found it unnecessary to decide "whether the procedural safeguards set out in the [EAHCA] manifest Congress' intent to preclude resort to § 1983 on a due process challenge." *Id.* at 1013-1014. The Court distinguished, however, a due process challenge from an equal protection claim, stating: "[U]nlike an independent equal protection claim, maintenance of an independent due process challenge to state procedures would not be inconsistent with the [EAHCA's] comprehensive scheme. Under either the [EAHCA] or § 1983, a plaintiff would be entitled to bypass the administrative process by obtaining injunctive relief only on a showing that irreparable harm otherwise would result. See *Monahan* v. *Nebraska,* 645 F.2d [592,]

---

[4] Section 1415(b)(1)(C) of 20 U.S.C. requires that the State educational unit provide "written prior notice to the parents . . . whenever such agency or unit — (i) proposes to initiate or change, or (ii) refuses to initiate or change, the identification, evaluation, or educational placement of the child or the provision of a free appropriate public education to the child." The State must also provide parents an opportunity to present complaints and an opportunity for "an impartial due process hearing" by the local agency. 20 U.S.C. § 1415(b)(2) (1982). 20 U.S.C. § 1415(b)(1)(E). After such a hearing, the aggrieved party may then obtain an impartial review of the local agency's decision at the State level. 20 U.S.C. § 1415(c). Finally, judicial review is guaranteed to any party aggrieved by the final decision of the State level agency. 20 U.S.C. § 1415(e)(2).

598-599 (CA8 1981). And, while Congress apparently has determined that local and state agencies should not be burdened with attorney's fees to litigants who succeed, through resort to the procedures outlined in the [EAHCA], in requiring those agencies to provide free schooling, there is no indication that agencies should be exempt from a fee award where plaintiffs have had to resort to judicial relief to force the agencies to provide them the process they were constitutionally due." *Id.* at 1014 n.17.

This discussion in *Smith,* while dicta, strongly implies that a § 1983 action and a fee award are proper when a plaintiff claims that he is being denied due process, and the purpose of the due process challenge is to compel the agency to afford the process that is constitutionally due. In such an instance, the agency is not exempt from a fee award. See *Rose* v. *Nebraska,* 748 F.2d 1258, 1263 (8th Cir. 1984); *Teresa Diane P.* v. *Alief Indep. School Dist.,* 744 F.2d 484, 491 (5th Cir. 1984).

In *Smith,* the Court declined to award fees, but only because the due process theory asserted by the plaintiffs was entirely separate from the substantive claim on which they ultimately prevailed. Here, in contrast, Stock's due process claim was based on the same set of facts as to which he prevailed under State law and EAHCA. It is evident that only through this action was Stock afforded the opportunity to participate in the educational decision-making process envisioned by EAHCA. Furthermore, § 1415(e)(2) of EAHCA provides for access to courts only at the conclusion of the administrative process. 20 U.S.C. § 1415(e)(2) (1982). " '[T]he absence of any prescribed remedy in the [EAHCA] for deprivations occurring prior to a final administrative decision' is a gap that should be filled by section 1983." *Blazejewski* v. *Board of Educ.,* 599 F. Supp. 975, 978 (W.D.N.Y. 1985), quoting *Quackenbush* v. *Johnson City School Dist.,* 716 F.2d 141, 148 (2d Cir. 1983).

There can be no serious dispute that Stock is a prevailing party, with a substantial unaddressed constitutional claim. *Maher* v. *Gagne,* 448 U.S. 122, 132 (1980). *Draper* v. *Town Clerk of Greenfield,* 384 Mass. 444, 452-454 (1981). Accordingly, Stock may recover fees, under 42 U.S.C. § 1988, for

work performed in *Stock I* from commencement of suit through appeal and this rehearing. He may not recover for hearings before the department, which were ordered in *Stock I,* because the EAHCA process has now been invoked.

The judge in the Superior Court is to determine the appropriate fee award. The plaintiff also is to have the costs of the appeals.

*So ordered.*